J-S50041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COREY CONAWAY | |
| Appellant | No. 2975 EDA 2014 |

Appeal from the PCRA Order September 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005366-2010

BEFORE: PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 05, 2015**

Appellant Corey Conaway appeals from the September 19, 2014 order of the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

The trial court set forth the following procedural history:

> On February 10, 2012, following a jury trial . . . , [Appellant] was convicted of one count of first degree murder, (18 Pa.C.S. § 2502(a)), one count of robbery (18 Pa.C.S. § 3701(a)(1)(i)), one count of burglary (18 Pa.C.S. § 3502(a)), and one count of possessing an instrument of crime (18 Pa.C.S. 907(a)). The [c]ourt immediately imposed the mandatory sentence of life in prison for the murder charge . . . . No further penalty was imposed on the remaining charges. [Appellant] was represented at trial and at sentencing by Thomas McGill, Esquire.
>
> On March 9, 2012, [Appellant] filed a *pro se* [n]otice of [a]ppeal, which the [c]ourt received on March 19, 2012. The [c]ourt subsequently held a hearing, pursuant to

*Commonwealth v. Grazier*, 713 A.2d 81 (Pa.1998), on April 24, 2012, and permitted [Appellant] to proceed *pro se* on appeal, while Mr. McGill was to remain as standby counsel.

On November 5, 2012, the Superior Court dismissed [Appellant's] appeal for failure to file a brief. [Appellant] then filed a *pro se* petition under the [PCRA] on November 4, 2013. Stephen O'Hanlon, Esquire was appointed to represent [Appellant] on May 20, 2014.

On June 3, 2014, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super.1988), Mr. O'Hanlon filed a letter stating there was no merit to [Appellant's] claims for collateral relief. *See Finley* Letter of Stephen O'Hanlon, filed 6/3/2014 ("*Finley* Letter"). On July 31, 2014, the [c]ourt issued notice pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intent to dismiss [Appellant's] PCRA [p]etition without an evidentiary hearing. [Appellant] did not file either a request to amend his PCRA petition, or a response to the [c]ourt's 907 Notice.

On August 26, 2014, [Appellant] filed a document styled as an "Addendum to PCRA" ("Addendum") raising additional claims. On September 19, 2014, the [c]ourt formally dismissed [Appellant's] PCRA [p]etition and granted Mr. O'Hanlon's motion to withdraw his appearance.

[Appellant] has now appealed the [c]ourt's dismissal of his PCRA [p]etition, alleging: 1) the [c]ourt erred by not granting a hearing on his petition; 2) ineffective assistance of PCRA counsel; 3) that [Appellant] was arrested illegally; 4) that [Appellant's] confession was illegally obtained; 5) that trial counsel was ineffective; 6) that [Appellant] was brought before a [m]agistrate [j]udge without counsel; 7) that the trial court improperly instructed the jury; and 8) that [Appellant] was illegally charged and sentenced for murder since the Commonwealth withdrew its [n]otice of [a]ggravating [c]ircumstances. Matters Complained of on Appeal Pursuant to Pa.R.Crim.Proc. Rule [sic] 1925(b) ("Statement of Errors") at ¶¶ 1-8(c).

- 2 -

Opinion, 12/23/2014.[1]

Appellant raises the following issues in the question presented section of his appellate brief:

1. Whether the PCRA [c]ourt erred in dismissing Appellant's PCRA motion without an evidentiary hearing?

2. Whether the assistance of PCRA counsel Stephen T. O'Hanlon, Esq., was ineffective at critical stages of his stewardship?

a. Whether the assistance of said counsel was ineffective in evaluating Appellant's issues and subsequently declaring issues are without merit?

b. Whether said counsel was ineffective in refusing to file [amendment] claiming an additional issue on behalf of Appellant prior to being allowed to withdraw?

c. Whether Appellant was illegally sentenced by the [t]rial [j]udge as opposed to a jury of his peers?

3. Whether Appellant was illegally arrested when the circumstances of said arrest compared with those issue(s) found in [***Payton v. New York***, 445 U.S. 573, 100 S.Ct. 1371 (1980)]?

a. Whether Philadelphia [p]olice gained consent from Appellant's [m]other to enter Appellant's home under false pretense?

b. Whether Appellant was then placed under arrest as defined in [***Kaupp v. Texas***, 538 U.S. 626, 123 S.Ct. 1843 (2003)] despite claims that Appellant went voluntarily to the police station?

c. Whether Philadelphia [p]olice had sufficient time between identifying Appellant and securing/arresting

---

[1] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant to require an arrest warrant and having not done so arrested Appellant illegally regardless of alleged probable cause?

d. Whether all material evidence as well as Appellant's statement/confessions were fruit of the poisonous tree?

4. Whether the intent of judicial decision met in [***Miranda v. Arizona***, 384 U.S. 436, 86 S.Ct. 1602 (1966)] was respected when [Philadelphia] [p]olice arrested Appellant, questioned him and gained statements and subsequently mirandized Appellant and then led Appellant through the previously acquired statement?

a. Whether the evidence ascertained subsequent to illegally acquiring the aforementioned statement is fruit of the poisonous tree?

b. Whether Detective[s] Keen and Sierra, committed perjury in claiming that Appellant was immediately mirandized upon arrival at the police station?

5. Whether trial counsel [Mr.] McGill had adequate time to prepare for trial having been reinstated as attorney of record as opposed to Appellant proceeding *pro se* [on] 2/3/2012, and trial starting on [2/6/2012]?

a. Whether trial counsel [Mr.] McGill, should have investigated the manner in which Appellant was arrested and interrogated?

6. Whether [t]rial [c]ounsel was generally ineffective?

7. Whether Appellant['s] [d]ue [p]rocess [r]ights were violated when brought before a magistrate [j]udge in a [j]udicial [p]roceeding as in [***Rothgery v. Gillespie County of Texas***, 554 U.S. 191, 128 S.Ct. 2578 (2008)]?

8. Whether Judge Glenn B. Bronson's jury instruction[s] were unlawful compared to the judicial decision in [***Francis v. Franklin***, 471 U.S. 307, 105 S.Ct. 1965 (1985)]?

9. Whether [the assistant district attorney] amended or withdrew the charge of first[-]degree murder, when she withdrew the notice of aggravating circumstances of like

document removing the "death penalty" from the table since first degree is explicitly capital in its statutory language?

> a. Whether Appellant was illegally sentenced by the trial judge pursuant to 18 Pa.C.S. § 2502(a), 42 Pa.C.S. § 9711, 42 Pa.C.S. §9714, 18 Pa.C.S. § 4701?
>
> b. Whether Appellant was illegally charged when he was confronted with a non-specific charge viz, "criminal homicide," 18 Pa.C.S. § 2501, which encompasses 18 Pa.C.S. § 2502[(a), (b), and (c)], § 2503, and § 2504, contrary to [**Commonwealth v. Little**, 314 A.2d 270 (Pa.1974)] and [**Albrecht v. United States**, 273 U.S. 1, 47 S.Ct. 250 (1927)]?
>
> c. Whether the trial judge violated [Appellant's] rights when he amended the prosecution[']s charging instrument, changing criminal homicide 18 Pa.C.S. § 2501 into several specific charges, i.e., 18 Pa.C.S. § 2502(a), 2502(b), 2502(c), etc.?

Appellant's Brief at 4-6 (unnecessary capitalization omitted). Appellant raised the same issues in his Rule 1925(b) statement. **See** Matters Complained of on Appeal Pursuant to Pa.R.Crim.P. 1925(b), filed 11/5/2014.

In counsel's **Turner/Finley**[2] letter, counsel raised the following issues: (1) Appellant was unlawfully arrested; (2) Appellant was not properly advised of his **Miranda** rights; (3) Appellant had no counsel before a bail commissioner; (4) trial counsel was generally ineffective; and (5) the jury instruction regarding reasonable doubt was improper. **Turner/Finley** Letter

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988); **Finley**, 550 A.2d 213.

dated June 3, 2014 from Stephen T. O'Hanlon, Esq. to the Honorable Glenn B. Bronson.

In Appellant's "Addendum" filed after the trial court issued its notice of intent to dismiss the PCRA petition, Appellant raised the following issues: (1) Appellant was deprived of his due process rights when he was tried for, and found guilty of, a capital offense after the prosecutor withdrew the notice of aggravating circumstances; (2) Appellant's due process rights were violated when he was charged with "general homicide"; and (3) Appellant was illegally sentenced because "he was sentenced outside of any legislatively authorized sentencing statute, there was no presentencing investigation and petitioner stood trial for a capital offense without the prerequisite 'aggravating circumstances' being establish[ed] (being withdrawn before trial)." Addendum, at 1-2.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing ***Commonwealth v. Morales****,* 701 A.2d 516, 520 (Pa.1997)).

Appellant first contends the trial court erred because it did not hold an evidentiary hearing prior to dismissing his PCRA petition.

A PCRA petitioner "is not entitled to [an evidentiary] hearing as a matter of right." ***Commonwealth v. Johnson***, 945 A.2d 185, 188 (Pa.Super.2008) (quoting ***Commonwealth v. Taylor****,* 933 A.2d 1035, 1040

(Pa.Super.2007)). "[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Id.* (quoting *Taylor,* 933 A.2d at 1040).

The trial court found Appellant failed to specify any substantive claims for which there are genuine issues of fact that would necessitate a hearing. Opinion, 12/23/2014, at 12. This was not error.

Appellant's second claim alleges PCRA counsel was ineffective because counsel stated Appellant's issues were meritless, refused to file an amended PCRA petition, and failed to allege Appellant was illegally sentenced by a judge, rather than the jury. Appellant's Brief at 4. The addendum filed by Appellant did not raise PCRA counsel ineffectiveness and Appellant did not raise PCRA counsel ineffectiveness before the trial court, in either an amended PCRA petition or a response to the trial court's notice of intent. Accordingly, Appellant has waived his PCRA counsel ineffectiveness claims. *See Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa.2009) (Appellant waived PCRA counsel ineffectiveness claim when not raised in response to *Turner/Finley* letter or court's notice of intent to dismiss).

Appellant's third claim alleges Appellant was illegally arrested because: (1) the police gained consent from his mother to enter the home under false pretenses; (2) he was placed under arrest, and did not voluntarily go to the police station; and (3) the police failed to obtain an arrest warrant. Appellant's Brief at 4. Appellant concludes that the evidence and statements

obtained following Appellant's illegal arrest were fruit of the poisonous tree. *Id.* Appellant's fourth claim alleges the police questioned him in violation of *Miranda*, the evidence obtained after the illegal questioning is the fruit of the poisonous tree, and the detectives committed perjury when they claimed they read Appellant his *Miranda* warnings immediately after he arrived at the police station. *Id.* at 4-5.

As presented, Appellant waived the claims raised in his third and fourth issues by failing to raise them on direct appeal. 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding."). Further, even if we view the claims as counsel ineffectiveness claims, the claims fail.

For ineffective assistance of counsel claims, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014) (quoting *Commonwealth v. Ali,* 10 A.3d 282, 291 (Pa.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

The PCRA court found:

[Appellant] claims that he was illegally arrested, that police obtained consent to enter his house under false pretenses, that police had sufficient time to obtain an arrest warrant, and that [Appellant's] confession and all material evidence derived from [Appellant's] arrest was the fruit of the poisonous tree. Statement of Errors at ¶¶ 3-3(c), 4-4(b), 5(a), PCRA Petition at 10-11. The [c]ourt will deem this claim to have been raised as the basis for a claim of trial counsel's ineffectiveness.

Trial counsel vigorously asserted, in pretrial motions, all of [Appellant's] claims arising out his arrest, interrogation, and the subsequent search and seizure of physical evidence. N.T., 2/3/2012, at 22-105. Counsel argued that [Appellant] was arrested without probable cause, that his statement was the result of coercion, both psychological and physical, that [Appellant's] *Miranda* rights were violated, and that the search warrant was tainted by including information obtained from [Appellant's] confession. N.T., 2/3/2012, at 22-23. At the evidentiary hearing held to address counsel's motion to suppress the confession and the physical evidence, counsel thoroughly cross-examined the Commonwealth's witnesses. N.T., 2/3/2012, at 32-34, 66-77, 101-102. He conferred with [Appellant], who advised counsel that he did not wish to testify at the evidentiary hearing. N.T., 2/3/2012, at 103. The record fails to demonstrate any manner in which counsel failed to effectively assert [Appellant's] claims to the trial court. Accordingly, any ineffective assistance of counsel claim premised upon [Appellant's] claims regarding his arrest, confession and the searches would be clearly without merit.

Following the hearing, the [c]ourt found, based on the evidence presented, that [Appellant] voluntarily went to police headquarters after he was contacted by police, that he was given *Miranda* warnings within eight minutes of arriving at police headquarters, that he voluntarily waived his rights and confessed, that the search warrant was valid, and that the manner in which the searches were conducted was lawful. N.T., 2/3/2012, at 103-105. As a result, [Appellant's] motions to suppress were denied. That decision was fully supported by the record. While [Appellant] could have had the Superior Court review that

decision on appeal, his appeal was dismissed since [Appellant], representing himself, failed to file a brief.

Therefore, [Appellant] is entitled to no further review of this issue on this PCRA appeal.

Opinion, 12/23/2014, at 7-80. This was not error.

Appellant's fifth claim alleges trial counsel did not have adequate time to prepare for trial because his attorney was re-instated on February 3, 2012, and trial started February 6, 2012.[3]

The PCRA court found the following:

[Appellant] claims that counsel was ineffective as he did not have "adequate time to prepare for trial having been reinstated as attorney of record as opposed to [Appellant] . . ." three days before trial began. Statement of Errors at ¶ 5(b), PCRA Petition at 13 -14. This claim is frivolous.

The record indicates that Mr. McGill entered his appearance on February 9, 2010, and represented [Appellant] throughout the entirety of the proceedings either as trial counsel or as standby counsel. It is true that the [c]ourt agreed to permit [Appellant] to represent himself following a hearing on October 3, 2011, but required Mr. McGill to remain in the case as standby counsel. In that role, Mr. McGill was required to remain in the case and provide any assistance necessary in trying the case, including the possibility of taking over if [Appellant] was not permitted, or declined, to represent himself. In fact, after [Appellant] refused to accept the jurisdiction and authority of the [c]ourt at the motions hearing on February 3, 2012, Mr. McGill was ordered to take over to handle the motions. N.T., 2/3/12, at 20-22.[1]

---

[3] The subpart of Appellant's fifth issue claims counsel should have investigated the manner in which Appellant was arrested and interrogated. This issue was addressed in the discussion of Appellant's third and fourth issues. The trial court did not err when it found counsel was not ineffective in his handling of the arrest and interrogation issues.

As stated above, Mr. McGill was ready and able to vigorously argue the motions. At trial, [Appellant] claimed that he was a "third party intervener" and was not the defendant on trial. He advised the [c]ourt that Mr. McGill could represent "the defendant," while simultaneously objecting to Mr. McGill speaking on [Appellant's] behalf. N.T., 2/6/12, at 39-40. Given defendant's continued nonsensical and obstinate behavior, Mr. McGill was directed to handle the trial as primary counsel. N.T., 2/6/12, at 40. Mr. McGill, having represented defendant for two years, was fully ready to proceed to trial. No relief is due.

[1] For example, [Appellant] stated, "Let the record reflect that the man sitting on the bench is not a judge." N.T., 2/3/12, at 18.

Opinion, 12/23/2014, at 8-9. The trial court did not err when it found Appellant's claim meritless.

Appellant's sixth claim asserts trial counsel was generally ineffective. Appellant, however, fails to provide any specific allegation to support this bald claim of ineffectiveness. This claim, therefore, fails.

Appellant's seventh claim asserts his due process rights "were violated when brought before a magistrate judge in a judicial proceeding as in **Rothgery v. Gillespie County of Texas**."[4] Appellant's Brief at 5. The trial court found this claim frivolous, noting Appellant had counsel at the

---

[4] In **Rothgery**, the Supreme Court of the United States reaffirmed that: "a criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." **Rothgery**, 554 U.S. at 213.

preliminary arraignment, where the public defender represented him. Opinion, 12/23/2014, at 9. This was not error.

Appellant's eighth claim asserts the jury instructions were "unlawful compared to the judicial decision in *Francis v. Franklin*."[5] Appellant's Brief at 5. In the PCRA proceedings, he claimed the burden of proof instructions were improper. *Turner/Finley* Letter at 5-6. We will review the appellate claim as challenging the burden of proof instruction. As with the illegal arrest claims, Appellant waived this claim by failing to raise it on direct appeal. *See* 42 Pa.C.S. § 9544(b). Further, the claim fails if viewed as an ineffective assistance of counsel claim for failure to object to the jury instructions. The trial court used the standard burden of proof jury instruction, and counsel cannot be ineffective for failing to object to the standard instruction. N.T., 2/9/2012, at 23-25; *Commonwealth v. Kerrigan*, 920 A.2d 190, 198 (Pa.Super.2007) (it is "presumed [the Pennsylvania Standard Criminal Jury Instructions] are an accurate statement of the law.").

Appellant's ninth claim maintains the prosecutor withdrew the notice of aggravating circumstances document, which removed the death penalty as a

---

[5] In *Francis*, the Supreme Court of the United States found the defendant's due process rights were violated "because a reasonable juror could have understood the challenged portions of the jury instruction . . . as creating a mandatory presumption that shifted to the defendant the burden of persuasion on the crucial element of intent, and because the charge read as a whole does not explain or cure the error." 471 U.S. at 325.

sentence, and claims, based on the withdrawal of this document, the trial court illegally sentenced him to life in prison. Appellant's Brief at 5-6. He further argues he was illegally charged with a non-specific "criminal homicide" charge, and the trial court amended the charging instrument by separating the criminal homicide charge into "several specific charges." *Id.*

Pennsylvania Rule of Criminal Procedure 802 requires that the Commonwealth provide a defendant with notice of aggravating circumstances that it intends to submit at sentencing. Here, the Commonwealth submitted a notice of aggravating circumstances because it intended to seek the death penalty. The Commonwealth then withdrew this notice when it determined it would not seek the death penalty. N.T., 10/3/2011, at 7-8. The trial court found that every charge of first-degree murder need not be a capital proceeding, the withdrawal of notice did not alter the homicide charge, and an information need not specify the degree of murder. Opinion, 12/23/2014; *accord Commonwealth v. Chambers*, 852 A.2d 1197, 1199 (Pa.Super.2004); 18 Pa.C.S. §§ 1102(a), 2502. This was not error.

The PCRA court's order dismissing Appellant's PCRA petition is support by the record. Therefore, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/2015