J. S18039/18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GEORGE WAYNE BROOKS, | : | No. 1602 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 26, 2017,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0008889-1975

BEFORE:  STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                FILED MAY 02, 2018

George Wayne Brooks, a/k/a George Rahsaan Brooks, appeals pro se from the September 26, 2017 order dismissing his untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history of this case are as follows.  On May 18, 1976, a jury found appellant guilty of the second-degree murder and robbery[1] of Michael Miller.  On September 17, 1980, appellant was sentenced to an aggregate term of life imprisonment, and our supreme court affirmed his judgment of sentence on November 5, 1981.  See Commonwealth v. Brooks, 445 A.2d 96 (Pa. 1981) (per curiam order).  Between 1980 and

---

[1] 18 Pa.C.S.A. §§ 2502(b) and 3701(a), respectively.

2015, appellant filed ten PCRA petitions, all of which were unsuccessful.[2] Most recently, on June 24, 2016, a panel of this court affirmed the PCRA court's April 20 and November 5, 2015 orders denying appellant relief under the PCRA. See Commonwealth v. Brooks, 153 A.3d 1119 (Pa.Super. 2016) (unpublished judgment order). Undaunted, appellant filed the instant pro se PCRA petition, his eleventh, on October 5, 2016. On November 8, 2016, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907 notice on December 3, 2016. Thereafter, on September 26, 2017, the PCRA court dismissed appellant's petition as untimely. Appellant filed a timely pro se notice of appeal on October 11, 2017. Although not ordered to do so, appellant filed a rambling and largely incoherent 15-page Pa.R.A.P. 1925(b) statement on October 13, 2017. On October 23, 2017, the PCRA court filed a one-page Pa.R.A.P. 1925(a) opinion.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Miller, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the

---

[2] The record reflects that appellant was represented by counsel during the course of his first, second, third, and fifth PCRA petitions.

certified record." Commonwealth v. Lawson, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." Commonwealth v. Hickman, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). Additionally, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant[.]" Commonwealth v. Adams, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. Commonwealth v. Callahan, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, in a 2006 appeal from denial of his fifth PCRA petition, a panel of this court concluded that appellant's judgment of sentence became final on February 5, 1982. See Commonwealth v. Brooks, 898 A.2d 1124 (Pa.Super. 2006) (unpublished memorandum). Because appellant's judgment of sentence became final prior to January 16, 1996, the effective date of the

PCRA amendments, he had until January 16, 1997 to file a timely PCRA petition. See Commonwealth v. Davis, 916 A.2d 1206, 1208-1209 (Pa.Super. 2007) (explaining that the 1995 amendments to the PCRA provide that if a judgment of sentence became final before the effective date of the amendments, a PCRA petition will be considered timely if filed within one year of the effective date, or by January 16, 1997; however, this grace period applies only to first PCRA petitions). Appellant's PCRA petition, his eleventh, was filed on October 5, 2016, and was neither his first nor was it filed within one year of the date the amendment took effect; accordingly, it is patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section § 9545(b)(1).

The three narrow exceptions to the one-year time bar are as follows:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii); Commonwealth v. Brandon, 51 A.3d 231, 233-234 (Pa.Super. 2012).

Here, the crux of appellant's claim is that he satisfied the governmental interference and newly-discovered-fact exceptions to the PCRA time-bar because he recently discovered that the indictment in the certified record is fake and the Commonwealth deliberately concealed this fact in violation of Brady v. Maryland, 373 U.S. 83 (1963).[3]  (Appellant's brief at 9-30.)  As a result, appellant contends that he was never lawfully indicted for felony murder and "is actually innocent of that charge."  (Id. at 10.)  These claims are meritless.

---

[3] We note that,

> [u]nder Brady and subsequent decisional law, a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature.  To establish a Brady violation, an appellant must prove three elements:  (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued.

Commonwealth v. Roney, 79 A.3d 595, 607 (Pa. 2013) (citation and indentation omitted), cert. denied, 135 S.Ct. 56 (2014).  "As to Brady claims advanced under the PCRA, a defendant must demonstrate that the alleged Brady violation so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  Commonwealth v. Cam Ly, 980 A.2d 61, 76 (Pa. 2009) (citation and internal quotation marks omitted).

Contrary to his contention, appellant has known since as early as December 1975 that he was charged with, inter alia, murder generally under 18 Pa.C.S.A. § 2502. "An information need not specify a degree of murder or the degrees of manslaughter in order to sustain the verdict of second degree murder." Commonwealth v. Chambers, 852 A.2d 1197, 1199 (Pa.Super. 2004) (citation and footnote omitted), appeal denied, 871 A.2d 188 (Pa. 2005). Additionally, appellant has failed to present a scintilla of verifiable evidence to support his contention that the indictment was fraudulent or the Commonwealth willfully concealed anything from him in violation of Brady.

Based on the foregoing, we conclude that appellant has failed to properly invoke any of the statutory exceptions to the PCRA time-bar and the PCRA court lacked jurisdiction to review his claims. See Callahan, 101 A.3d at 123 (holding, if a PCRA petition is untimely on its face, or fails to meet one of the three statutory exceptions to the time-bar, we lack jurisdiction to review it). Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's serial PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2018