J-S28020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MAURICE CHAMBERS, | : | |
| Appellant | : | No. 87 MDA 2018 |

Appeal from the PCRA Order, December 6, 2017,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s):  CP-40-CR-0000910-1997.

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 13, 2018**

Maurice Chambers appeals *pro se* from the order denying as untimely his sixth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and partial procedural history have been summarized as follows:

> On October 27, 1997, a jury found [Chambers] guilty of Second-Degree Murder, Robbery, and two counts of Criminal Conspiracy in connection with his shooting Paul Rubin Garman, Jr., in the back of his head during a drug transaction in Wilkes-Barre.  The court sentenced [him] on December 5, 1997, to, *inter alia*, life imprisonment.  This Court affirmed the Judgment of Sentence, and the Pennsylvania Supreme Court denied [Chambers'] Petition for Allowance of Appeal.  ***Commonwealth v. Chambers***, 742 A.2d 201 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 749 A.2d 466 (Pa. 2000).  The United States Supreme Court denied his Petition for Certiorari on October 2, 2000.  ***Chambers v.***

> ***Pennsylvania***, 531 U.S. 853 (2000). His Judgment of Sentence, thus, became final [on that date]. ***See*** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.")
>
> [Chambers] filed his first *pro se* PCRA Petition timely, which the PCRA court denied on June 12, 2003, and this Court affirmed. ***Commonwealth v. Chambers***, 852 A.2d 1197 (Pa. Super. 2004), *affirmed*, 871 A.2d 188 (Pa. 2005). [Chambers] filed three additional PCRA Petitions, each of which the PCRA court dismissed.

***Commonwealth v. Chambers***, 160 A.3d 244 (Pa. Super. 2017), unpublished memorandum at 1-2.

Chambers filed a fifth PCRA petition on September 1, 2015, which the PCRA court dismissed, and we affirmed because the serial petition was untimely, and Chambers failed to plead and prove an exception to the PCRA's time bar. ***See id.***

Chambers filed the PCRA petition at issue, his sixth, on January 30, 2017, and an amended petition on February 4, 2017. The PCRA court ordered that this petition be held in abeyance while Chambers' appeal from the denial of his fifth petition was still pending before this Court. On or about September 29, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Chambers' latest filing without a hearing. Chambers filed a response. By order entered December 6, 2017, the PCRA court dismissed the petition as untimely. This appeal follows. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Before addressing the issues Chambers raises on appeal, we must first determine whether the PCRA court correctly determined that his serial petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] 42 Pa.C.S.A. § 9545. A PCRA petition

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 3 -

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Here, Chambers' judgment of sentence became final on October 2, 2000, when the United States Supreme Court denied his petition for *certiorari*. Thus, for purposes of the PCRA's time bar, Chambers had to file his latest petition by October 2, 2001. As he filed his sixth petition in 2017, it is patently untimely, unless Chambers has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Chambers has failed to prove any exception to the PCRA's time bar. Within his PCRA petition, Chambers relied upon our Supreme Court's recent decision in **Commonwealth v. Rosado**, 150 A.3d 425 (Pa. 2016), as establishing a "new constitutional right" pursuant to 42 Pa.C.S.A. § 9545 (b)(1)(iii). The PCRA court concluded that Chambers could not rely on **Rosado** because "[u]nder §9545(b)(2), this Court is without jurisdiction to

---

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

- 4 -

entertain the instant Petition because it was not filed within sixty days of the *Rosado* opinion." PCRA Court Opinion, 12/6/17, at 2.[2] We disagree.

This Court has recently summarized:

> In **Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585 (2000), our Supreme Court held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Id.** at 588. Our Supreme Court reasoned that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." **Id.** (citation omitted). Where a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of an earlier PCRA petition, his or her "only option is to raise it within a second PCRA petition within [60] days of the date of the order that finally resolves the [pending] PCRA petition[.]" **Commonwealth v. Steele**, 599 Pa. 341, 961 A.2d 786, 908-809 (2008).

**Commonwealth v. Montgomery**, 181 A.3d 359, 363 (Pa. Super. 2018) (*en banc*).[3]

Our review of the record reveals that Chambers filed his sixth PCRA petition within sixty days of this Court's affirming the denial of his fifth petition.

---

[2] The Commonwealth makes the same argument in its brief. **See** Commonwealth Brief at 6.

[3] In **Montgomery**, this Court addressed the issue of a PCRA court's ability to address a subsequent PCRA petition even though a prior PCRA petition was still pending before **that** Court. We answered this question in the affirmative: "a PCRA court may not entertain a new PCRA petition when a prior petition is still under appellate review and, thus, is not final, however, nothing bars a PCRA court from considering a subsequent PCRA petition, even if a prior petition is pending, so long as the prior petition is not under appellate review." **Id.** at 364-65.

Thus, Chambers could properly raise a *Rosado* claim in his sixth PCRA petition. However, this does not end our inquiry. On appeal in PCRA proceedings, the Superior Court may affirm a PCRA court's decision in any grounds if the record supports it. *Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted).

Subsection 9545(b)(1)(iii) applies only when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section *and* has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). This Court has reiterated:

> Subsection (iii) of section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania] Supreme Court after the time period provided in this section. Second, it provides that the right "has been held" by that court to apply retroactively. The language "has been held" is the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Garcia*, 23 A.3d 1059, 1063 (Pa. Super. 2011) (citations omitted).

Here, Chambers can establish neither requirement. In *Rosado*, *supra*, our Supreme Court addressed an ineffective assistance of counsel claim, which was raised in a timely filed PCRA petition, and held that counsel's "filing of an

appellate brief which abandons all preserved issues in favor of unpreserved one constitutes ineffectiveness *per se*." **Rosado**, 150 A.3d at 440. In doing so, the high court did no more than apply existing state and federal case precedent to the facts of that case. **Id.** at 429-435. Our Supreme Court did not announce a new constitutional right and, therefore, did not address retroactivity.

In sum, because Chambers has not established an exception to the PCRA's time bar, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of the petition. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/18

- 7 -