J-S38007-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCEL COOK | : | |
| | : | |
| Appellant | : | No. 317 WDA 2017 |

Appeal from the PCRA Order February 3, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000391-1986,
CP-02-CR-0000530-1986

BEFORE:   BOWES, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                    FILED NOVEMBER 19, 2018

Marcel Cook appeals pro se from the February 3, 2017 order dismissing his fourteenth petition seeking post-conviction relief as untimely.   After thorough review, we affirm.

On December 30, 1985, Appellant and his girlfriend broke into the home Donald Stoker shared with his mother and uncle, and during the course of a robbery, Appellant's girlfriend shot Mr. Stoker in the head.   Mr. Stoker died the next day.   The victim's mother and uncle, eyewitnesses to the shooting, positively identified Appellant from a photographic array.

Appellant was arrested and charged with one count of criminal homicide at criminal information No. 8600391; one count each of burglary, robbery, and conspiracy, two counts of Uniform Firearms Act violations, and other firearms offenses, at No. 8600530.  All charges arose from the December 30,

_____

* Retired Senior Judge assigned to the Superior Court.

1985 incident. Following his arrest, Appellant made incriminating statements to police that he later moved to suppress. The suppression motion was not litigated because Appellant entered a negotiated guilty plea to second-degree murder and robbery on July 22, 1986. In exchange for the plea, the Commonwealth agreed to recommend that firearms, conspiracy, and burglary charges be dismissed, and that Appellant be sentenced to the mandatory term of life imprisonment for second-degree murder.

Two days after pleading guilty, on July 24, 1986, Appellant filed a pro se motion to withdraw his guilty plea, alleging that it was his understanding at the time of the plea that he would receive a sentence of ten to twenty years incarceration. At sentencing on September 29, 1986, the court denied the motion, and sentenced Appellant to the mandatory term of life imprisonment. Thereafter, the court appointed new counsel for post-sentencing proceedings.

Appellant filed a counseled motion to withdraw the guilty plea as involuntarily and unknowingly entered. He alleged that counsel was ineffective for failing to properly advise him prior to entry of the plea, and in failing to file a formal motion to withdraw the plea when he was asked to do so.[1] Following an evidentiary hearing at which trial counsel testified that he

_____

[1] This proceeding occurred under the PCHA. The 1995 amendments provided that an appellant whose judgment became final on or before January 16, 1996, which is the case herein, shall be deemed to have filed a timely petition if his first petition is filed within one year of the effective date of the amendments, on or before January 16, 1997. It also occurred prior to Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), wherein the Supreme Court ruled that claims of ineffective assistance of counsel would be deferred to collateral review under the PCRA.

advised Appellant that life imprisonment was the mandatory sentence for second-degree murder, the court denied the motion to withdraw the plea.

On appeal, this Court affirmed. Commonwealth v. Cook, 547 A.2d 435 (Pa.Super. 1988) (unpublished memorandum). We noted that, prior to the court's acceptance of the plea, Appellant initialed and signed a seven-page written guilty plea colloquy and participated in an on-the-record oral guilty plea colloquy. Id. Furthermore, the record established that Appellant was advised during the colloquy that second-degree murder carried a mandatory life sentence, and he acknowledged that he understood the sentence. Id. Finally, we found no basis to disturb the trial court's determination that counsel advised Appellant that the mandatory penalty for second-degree murder was life imprisonment.

Appellant did not seek allowance of appeal in the Supreme Court. On February 9, 1990, Appellant filed a pro se PCRA petition, his first, and counsel was appointed. Appellant claimed that he should have been convicted, at most, of third-degree murder, and that he should not have received a sentence of life imprisonment. He also alleged that trial counsel was ineffective in withdrawing and abandoning a meritorious motion to suppress, and further, that the court and counsel failed to apprise him that by entering a plea, he was foregoing the right to seek suppression of his statement to police. Appellant contended that his plea was not voluntary and knowing as he was unaware of the elements of second-degree murder, or that it carried

a sentence of mandatory life imprisonment. Finally, he claimed that counsel abandoned him by failing to file a requested petition for allowance of appeal to our Supreme Court. He asked that he be allowed to withdraw his plea, or in the alternative, that he be permitted to plead to third-degree murder.

Following an evidentiary hearing concluding on June 30, 1994, post-conviction relief was denied. The court found that all claims were either waived or previously litigated. Appellant timely appealed pro se, and filed motions in this Court seeking in forma pauperis status, transcripts from the PCRA evidentiary hearing, and appointment of counsel. All motions were granted. On May 9, 1995, the appeal was dismissed for failure to file a brief.

Appellant filed a second PCRA petition in 1996, which was denied. On appeal, this Court affirmed, finding all claims to be related to the guilty plea and previously litigated. See Commonwealth v. Cook, 712 WDA 1996 (Judgment Order). Thereafter, Appellant filed a series of petitions for writ of habeas corpus and/or PCRA petitions, which were dismissed for lack of jurisdiction either due to pending appeals or due to their untimeliness, and affirmed on appeal. Throughout, Appellant repeatedly sought orders from the PCRA court, as well as this Court, compelling discovery from the Commonwealth. Appellant consistently maintained that he had not received transcripts, documents, and alleged Brady material necessary to establish his entitlement to relief.

On December 12, 2016, Appellant filed the instant petition, his fourteenth, styled as a petition for habeas corpus relief. He alleged therein that 18 Pa.C.S. § 1102(b), which provides for a sentence of life imprisonment for a person convicted of second-degree murder, is unconstitutionally vague as it does not give fair notice that life imprisonment is life imprisonment without parole. The PCRA court gave notice of its intent to dismiss the petition as untimely pursuant to Rule 907, and Appellant filed a response reiterating that the relief sought was not obtainable under the PCRA, and that habeas corpus was a proper remedy. The court dismissed the petition as an untimely PCRA petition on February 3, 2017, and this pro se appeal ensued.

Appellant was ordered to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He sought several extensions and an evidentiary hearing based on receipt of responses to his right-to-know requests, and the alleged unavailability of transcripts. On May 18, 2017, the court entered an order denying Appellant's motion for an evidentiary hearing on the right-to-know responses, that Appellant alleged were newly-discovered facts. However, by order dated September 29, 2017, the court entered an order giving Appellant until January 3, 2018 to file an amended petition for post-conviction relief.

On December 4, 2017, Appellant filed a rambling amended petition for habeas corpus relief in which he pled that governmental interference with his access to transcripts, such as the transcript of the coroner's inquest, had

violated his constitutional right to appellate review. He also alleged, inter alia, that the search and arrest warrants were invalid, that he exercised due diligence in discovering materials in the public domain, and that an evidentiary hearing was required. He reiterated that his sentence was illegal, that all counsel had abandoned him, and that he should have been permitted to withdraw his plea, all of which were claims that he had previously litigated. Attached to the amended petition were responses he received to requests that he made pursuant to the Right-To-Know Law, specifically a Department of Corrections sentence status summary, what he called an "information or indictment" for criminal homicide, and a response from Allegheny County seeking an extension to provide a response to Appellant's request for coroner's inquest information.

Despite several extensions, Appellant failed to file the ordered concise statement of errors.[2] The PCRA court penned its Rule 1925(a) opinion urging this Court to affirm since Appellant's failure to comply with Pa.R.A.P. 1925(b) resulted in the waiver of all claims on appeal.

Appellant presents three questions for our review:

_____

[2] In seeking an extension to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Appellant represented that he needed "transcripts" in order to file the statement. He also filed an application in this Court seeking an order compelling the trial court to furnish transcripts. This Court entered a February 22, 2018 order, granting Appellant leave to raise the lack of records in his appellate brief. Without specifics, Appellant argues that governmental interference denied him access to records and transcripts that would prove his claims of error.

I. Did the lower court, the District Attorney, and the Allegheny County coroner non-disclosure of discovery, criminal investigative files under "Brady Rule," and lack of access to the records violated their obligation under the United State[s] Fourteenth Amendment Constitution, and Pennsylvania's Article 1 Section 9 of Pennsylvania Constitution?

II. Did Appellant's after-discovered facts under the Right-To-Know-Law[,] 65 P.S. section 67.708(b)(6)[,] pursuant to section 9764 Information required upon commitment from DC-300D. included; DC-16E-Sentence status summary; the initial information or indictment filed under first degree murder 2502(A); and the trial court Judge G.H. Ross sentencing order. Provided to him by the Department of Correction granting him his right-to-know request. Did Appellant's after-discovery facts of being sentenced to an illegal [sentence] pursuant to 18 Pa.C.S. section 1106. And under 18 Pa.C.S. section 1102(b) and 104(3)(4), triggered one of the exception[s]to the PCRA timed-barred rule under 42 Pa.C.S. section 9545(b)(1)(2)(ii)?

III. Did layered abandonment of counsels of records created and caused absolute prejudice to Appellant's absolute right to effective assistance of counsel protected to him by the United States 6th and 14th Amendments Constitutions, and Article 1 Section 9, and V section 9 of Pennsylvania Constitution when Appellant desireously [sic] requested layered abandonment counsels of records to file various motion, and ineffectiveness against each other and did abandoned his requests?

Appellants brief at 1 (unnecessary capitalization omitted).

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. Commonwealth v. Lesko, 15 A.3d 345, 358 (Pa. 2011). We will review an order dismissing a PCRA petition in the light

most favorable to the prevailing party at the PCRA level. Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa.Super. 2012).

The trial court found that Appellant waived all issues because he failed to file a court-ordered Rule 1925(b) concise statement by January 3, 2018. The Commonwealth candidly admits that there may have been confusion surrounding the due date for the concise statement. Although a September 29, 2017 court order permitted Appellant to file an amended petition by January 3, 2018, it neglected to mention the new due date for the concise statement. The Commonwealth urges us to affirm on the alternative ground that the petition is time barred. Due to the apparent confusion surrounding the extended due date for Appellant's concise statement, we decline to find waiver of all issues based on Rule 1925(b) non-compliance. Rather, we will examine whether Appellant's petition was timely filed as it implicates our jurisdiction.

Generally, a petition for post-conviction relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petitioner alleges and proves that one of the three exceptions to the time bar applies. "A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Commonwealth v. Hernandez, 79 A.3d 649, 650 (Pa.Super. 2013). Since the time bar is jurisdictional, we

may not ignore it in order to reach the merits of the petition. Id.; see also Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010) (reiterating that merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction).

Appellant concedes that his petition is patently untimely under 42 Pa.C.S. § 9545(b), but maintains that he pled and proved the applicability of the exceptions to the PCRA time-bar set forth in § 9545(b)(1)(i) and (ii):

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> . . . .

42 Pa.C.S. § 9545(b)(1).

It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. See Commonwealth v. Smallwood, 155 A.3d 1054, 1060 (Pa.Super. 2017). In addition, a petitioner invoking one or more of the exceptions must file his petition within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). The law is well settled that, "[q]uestions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is de novo." Commonwealth v. Robinson, 185 A.3d

- 9 -

1055, 1059 (Pa.Super. 2018) (en banc) (quoting Commonwealth v. Chester, 895 A.2d 520, 522 n.1 (Pa. 2006)).

In his initial PCRA petition, Appellant did not invoke any of the exceptions to the PCRA time-bar. See Commonwealth v. Burton, 936 A.2d 521, 525 (Pa.Super. 2007) ("[e]xceptions to the time-bar must be pled in the PCRA petition, and may not be raised for the first time on appeal"). However, in his amended petition, Appellant pled that the governmental interference and newly-discovered facts exceptions rendered his petition timely. He alleged that the government denied him access to records, transcripts, and Brady[3] material that would have permitted him to prove errors on appeal, but he did not specifically identify those errors or the underlying claims that he was unable to present. In addition, he claimed that he recently discovered new facts through responses received under the Right–To-Know Law that indicated that his sentence is illegal.

We turn first to Appellant's claim that his petition was timely filed because government officials interfered with his ability to raise the claim previously. Appellant contends that the Commonwealth denied him discovery and Brady material that effectively precluded him from raising his claims

_____

[3] Brady v. Maryland, 373 U.S. 83 (1963) (holding government's suppression of material evidence favorable to an accused is a violation of due process).

earlier. He does not identify the Brady materials, or demonstrate how they support his claims of error.[4]

The Commonwealth characterizes Appellant's claims that the government did not provide discovery and Brady material as bald assertions insufficient to establish the governmental interference timeliness exception. It directs our attention to Commonwealth v. Marshall, 947 A.2d 714, 720-21 (Pa. 2008), where our High Court ruled that unsupported bare assertions that the Commonwealth concealed information, not evidence, were insufficient to prove the applicability of the governmental interference exception. See also Commonwealth v. Dickerson, 900 A.2d 407, 411 (Pa.Super. 2011) (rejecting as speculative claim that Commonwealth violated Brady by concealing an eyewitness's statement as there was no evidence that a statement was given, or, if given, that it would have constituted Brady material).

To the extent that Appellant is suggesting that the recently-received right-to-know responses constitute the heretofore withheld Brady material and discovery, his position lacks merit. The Department of Corrections ("DOC") sentence status summary, and what appears to be a copy of a docket

---

[4] In pursuing post-conviction relief, Appellant has repeatedly decried his lack of transcripts and records. However, the record reflects that, in several prior proceedings, the courts have granted his requests for transcripts. Appellant is not entitled to discovery in PCRA proceedings "except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). No such showing was made herein.

sheet, were not Brady material nor discoverable items. The sentencing summary was created by the DOC after his conviction and sentencing, and it has no bearing on his guilt or innocence. The docket sheet is a matter of public record. Furthermore, Appellant has not demonstrated how its alleged non-disclosure impeded his ability to timely present his claims of error, or that he asserted the claim within sixty days of obtaining access to that material.

Moreover, Appellant has neither pled nor proved that he filed the instant petition within sixty days of receiving access to the previously withheld documents.[5] Appellant's brief with respect to the applicability of the governmental interference exception consists of citations to legal authorities and oft-cited legal principles; absent are specifics and developed argument. See Pa.R.A.P. 2119(a) (requiring parties to articulate their question, discuss it, and cite to pertinent authorities). Thus, we find that Appellant failed to establish the applicability of the governmental interference exception.

Appellant's argument regarding the newly-discovered fact exception is better articulated, but also woefully deficient. Appellant contends that it was only due to the responses to his right-to-know requests that he recently "discovered facts of his illegal sentencing order by the trial [court]." See

_____

[5] Appended to Appellant's brief are copies of his requests directed to the Department of Corrections, the Office of the District Attorney of Allegheny County, the Allegheny County Coroner's Office, and the Pennsylvania State Police under the Right-to-Know Law. Appellant's brief at Exhibit C. Also appended is the Sentence Status Summary received from the DOC, and what appears to be a docket sheet from the Clerk of Courts' Office.

Appellant's brief at 11. Specifically, he avers that he learned that he was not charged with second-degree murder, the charge to which he pled guilty, and therefore, his sentence is illegal. Since the Commonwealth did not amend the criminal information to charge second-degree murder, Appellant contends that he was not provided with notice of the charge to which he pled guilty.

We note preliminarily that Appellant failed to state when he learned of the new fact, and plead and prove specific facts demonstrating that his claim was raised within the sixty-day time frame.[6] Furthermore, assuming that he did not known the nature of the charges against him, he failed to plead or prove why he could not have ascertained these facts earlier with the exercise of due diligence. See Commonwealth v. Bennett, 930 A.2d 1264, 1270-72 (Pa. 2007). A petitioner invoking the newly-discovered facts exception "must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." Commonwealth v. Brown, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted). Appellant has not made the requisite showing to satisfy the timeliness exception for newly-discovered facts.

Appellant acknowledged in the written and oral colloquies prior to entering the negotiated plea that he was pleading guilty to second-degree

---

[6] Appellant filed the within petition on December 12, 2016. The newly-discovered fact, upon which he relies in support of the timeliness of the petition, is contained in correspondence from the Pennsylvania Department of Corrections Right-to-Know Office dated four months later on March 7, 2017.

murder. The DOC sentence summary, which incorrectly states that he pled guilty to first-degree murder, is not a newly-discovered fact. Appellant is using incorrect information he received from a newly-discovered source that contradicts facts of record long known to him. See Commonwealth v. Graves, __ A.3d __, 2018 PA Super 279 (Pa.Super. 2018) (citing Commonwealth v Edmiston, 65 A.3d 339 (Pa. 2013) (facts unknown to the petitioner for purposes of the newly-discovered facts exception cannot be information previously known and of public record, but merely presented through a newly-discovered source)). Furthermore, Appellant's contention that his sentence is illegal is based on this newly-discovered fact, i.e., that he was charged with and pled guilty to first-degree murder, is flatly refuted by the record.

Moreover, Appellant offers no connection between the alleged new fact and his illegal sentencing claim. See Commonwealth v. Robinson, 185 A.3d 1055, 1062 (Pa.Super. 2018) (en banc) ("[R]ecognizing the nature of the underlying claim—as distinguished from assessing its merits—is necessary to determine whether Appellant acted with due diligence in unearthing the newly-discovered facts."). Assuming that Appellant demonstrated that he could not ascertain the nature of the charges against him with due diligence until his right-to-know responses were received, the claim does not permit him to circumvent the time-bar. The DOC sentence summary notwithstanding, the record establishes that Appellant was charged with

criminal homicide pursuant to 18 Pa.C.S. § 2501(a) ("A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being."). He was not charged with first-degree murder or any specific degree of murder. As the Commonwealth correctly points out, the criminal information need not specify the degree of murder in order to sustain a second-degree murder verdict. Commonwealth's brief at 21 n.20 (citing Commonwealth v. Chambers, 852 A.2d 1197, 1199 (Pa.Super. 2004)). Stated plainly, neither the DOC sentencing summary nor the copy of the docket has any bearing on the legality of the sentence that Appellant is serving. Thus, Appellant's discovery of those documents is not a basis for an exception to the statutory requirements.

Thus, having failed to plead and prove the applicability of a timeliness exception to the one-year PCRA time bar, we find Appellant's petition was untimely filed, and hence, properly dismissed.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2018

- 15 -