J-S57032-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHALAMAR R. CARMON, | : | |
| | : | |
| Appellant | : | No. 1307 EDA 2018 |

Appeal from the PCRA Order March 28, 2018
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003283-2004

BEFORE: PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 05, 2018**

Shalamar R. Carmon (Appellant) appeals *pro se* from the March 28, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In its opinion, the PCRA court fully and correctly sets forth the factual and procedural history of this case. PCRA Court Opinion, 5/10/2018, at 1-3. Therefore, we have no reason to restate it. Pertinent to this appeal, in 2004 Appellant was charged with one count of criminal homicide pursuant to 18 Pa.C.S. § 2501.[1] In 2006, following a jury trial, Appellant was convicted of first-degree murder and was sentenced to life imprisonment.

---

[1] "A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa.C.S. § 2501(a). "Criminal homicide shall be classified as murder, voluntary manslaughter, or involuntary manslaughter" 18 Pa.C.S. § 2501(b).

*Retired Senior Judge assigned to the Superior Court.

On January 4, 2008, this Court affirmed Appellant's judgment of sentence, **Commonwealth v. Carmon**, 947 A.2d 822 (Pa. Super. 2008) (unpublished memorandum), and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Carmon**, 951 A.2d 1160 (Pa. 2008). Since then, Appellant has filed two PCRA petitions, both of which resulted in no relief.

Most recently, Appellant filed *pro se* a third PCRA petition on February 22, 2018. Therein, Appellant asserted that the trial court was without subject matter jurisdiction to convict Appellant of the aforementioned crime because the criminal information filed by the Commonwealth charged Appellant with criminal homicide and not first-degree murder. *Pro Se* PCRA Petition, 2/22/2018, at 10. On March 8, 2018, the PCRA court filed a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded, and the petition was dismissed by order of March 28, 2018.

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents one question to this Court on appeal: "Did the PCRA court err in denying Appellant's PCRA petition to strike the void judgment rendered by the Lehigh County Court of Common Pleas for lack of subject matter [jurisdiction], where the Commonwealth failed to confront Appellant with a formal accusation, specifically charging him with

murder of the 1st degree?"  Appellant's Brief at 4 (unnecessary capitalization omitted).

Before we can examine the substantive claim Appellant raises on appeal, we must determine whether the filing of his PCRA petition was timely.  ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available.  42 Pa.C.S. § 9545(b).

It is clear that Appellant's 2018 petition is facially untimely: his judgment of sentence became final in 2008.  Yet, in his brief, Appellant offers no discussion of any timeliness exception.  Rather, he argues the PCRA court erred in dismissing his claim as untimely because a challenge to the lack of subject matter jurisdiction can be raised at any time.  Appellant's Brief at 11.

Contrary to this position, this Court has held that a claim alleging the trial court lacked subject matter jurisdiction "does not overcome the PCRA's

- 3 -

one year jurisdictional time-bar as it does not fall within one of the statutory exceptions." ***Commonwealth v. Dickerson***, 900 A.2d 407, 412 (2006). ***See also Commonwealth v. Eller***, 807 A.2d 838, 845 (Pa. 2002) ("The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.").

In light of the foregoing, because Appellant's petition was untimely-filed and he has not asserted an exception to the timeliness requirements, he is not entitled to relief.[2] ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

---

[2] Even if Appellant pleaded and proved a timeliness exception allowing this Court to review his claim, he still would not be entitled to relief. "Subject matter jurisdiction exists when the court is competent to hear the case and the defendant has been provided with a formal and specific notice of the crimes charged." ***Commonwealth v. Jones***, 929 A.2d 205, 208 (Pa. 2007). In this case, these requirements were met. ***See*** PCRA Court Opinion, 5/10/2018, at 5 (finding jurisdiction was proper because "the offense was committed within Lehigh County" and "Appellant was formally charged with one count of [c]riminal [h]omicide[.]"). "An information need not specify a degree of murder[.]" ***Commonwealth v. Chambers***, 852 A.2d 1197, 1199 (Pa. Super. 2004) (holding that an information need not specify the degrees of homicide or manslaughter in order to sustain a second-degree murder verdict). Thus, not only does Appellant's untimely-filed petition not meet any of the timeliness exceptions, his sole claim on appeal has no merit.

Judge Platt did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/5/18