COMMONWEALTH of Pennsylvania, Appellee

v.

**Maurice CHAMBERS, Appellant.**

Superior Court of Pennsylvania.

Submitted January 12, 2004.
Filed May 17, 2004.
Reargument Denied July 23, 2004.

Maurice Chambers, appellant, Pro Se.

David W. Lupas, Asst. Dist. Atty., Wilkes Barre, for Com., appellee.

BEFORE: HUDOCK, MONTEMURO * and CAVANAUGH, JJ.

OPINION BY CAVANAUGH, J.:

¶ 1 This appeal is from the denial of a first petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant was convicted of second degree murder, robbery, and two counts of conspiracy. He argues that, since he was not specifically charged in the information with second degree murder, he is entitled to a new sentence. We affirm.

* Retired Justice assigned to the Supreme Court.

¶ 2 This Court previously reviewed the factual background as follows:

On April 25, 1997, Wesley Farmer, who was interested in obtaining a quantity of marijuana, went to the appellant's apartment. At the time, Farmer knew appellant only by his street name, "Light." Farmer, appellant and a third man, Rick Moore, decided to go to 281 South Washington Street in the city of Wilkes–Barre, Luzerne County to rob the victim, Paul Garman, of a quantity of marijuana. Appellant handed Moore a sawed-off shotgun. He kept a black revolver for himself. After Farmer knocked on the door of 281 South Washington Street several times and received no reply, the three men went into the residence. They followed the sound of loud music to a third floor bedroom. The victim was in the bedroom with four others. As the men entered the bedroom, two of the five people there recognized Farmer as a fellow student at Meyers High School. When Farmer explained that the three were there to buy some "weed," the victim agreed to sell Farmer an ounce of marijuana for either $70.00 or $75.00. Thereafter, the victim had one of the others in the room weigh out an ounce of marijuana from a larger bag which contained approximately four to six ounces of marijuana. The ounce was exchanged for a one hundred dollar bill. As change was being made, appellant jumped onto the bed and fired a shot into the back of the victim's head. The victim died later as a result of the gunshot wound. After the shooting, everyone fled from the room, with appellant being the last to exit. Brian Brew and Preston Perkins, who had been in the room at the time of the shooting, returned within several minutes. At that time, both noted that the victim appeared to be dead and the large bag of marijuana was missing.

*Commonwealth v. Chambers*, No. 553 HBG 1998, slip op. at 1–2, 1999 WL 887039 (Pa.Super.5/20/99) (unpublished memorandum opinion) (footnote omitted).

¶ 3 The judgment of sentence was affirmed on direct appeal. The Pennsylvania Supreme Court denied an appeal on January 14, 2000, and the U.S. Supreme Court denied the petition for writ of *certiorari* on October 2, 2000. The instant matter was commenced by *pro se* petition filed on February 5, 2001. Counsel was appointed and an amended petition for PCRA relief was filed on November 25, 2002. The lower court denied relief on June 12, 2003.

¶ 4 Appellant presents the following single issue on appeal:

Whether failure to allege every element of the crime of Second Degree Murder 18 Pa.C.S. 2502(b) in the Criminal Information filed against Appellant violated his rights under the Fourteenth Amendment to the U.S. Constitution and Art. I, secs. 9 & 10 of the Pennsylvania Constitution pursuant to *Jones v. U.S.*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

■ ¶ 5 The standard of review on an appeal from the denial of a PCRA petition is whether the findings of the PCRA court are supported by the record and are free of legal error. *Commonwealth v. Abu–Jamal*, 574 Pa. 724, 833 A.2d 719 (2003); *Commonwealth v. Merritt*, 827 A.2d 485 (Pa.Super.2003).

■ ¶ 6 Appellant alleges a violation of both federal and state constitutions as the basis for awarding relief pursuant to the PCRA. The PCRA provides for relief where a conviction or sentence resulted from, "A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa. C.S.A. § 9543(2)(i).

¶ 7 The criminal complaint filed against appellant on April 26, 1997, alleged that he, "... violated section 2501.a of the Penna. Crimes Code: (Criminal Homicide) when he intentionally, knowingly, and recklessly or negligently caused the death of Paul Rubin Garman Jr. another human being. Paul Rubin Garman Jr. was shot in the head and died as a result of the injury." The complaint also charged robbery, "... when in the course of committing a theft he inflicted bodily injury upon another.... The victim Paul Rubin Garman was shot and died as a result of the injury." Appellant was held over on all charges after a preliminary hearing conducted on May 14, 1997.

¶ 8 The information filed against appellant on July 8, 1997, alleged that appellant, "(1) did intentionally, knowingly, recklessly or negligently cause the death of Paul Rubin Garman Jr., another human being," in violation of 18 Pa.C.S.A. § 2501(a). The information further alleged robbery. It also alleged conspiracy "... [appellant] did agree with Wesley Farmer and/or Rick Moore, A.K.A. Done, that they or one or more of them would engage in conduct which constitutes the crime of Robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii) ..."

¶ 9 Our Supreme Court has stated:

The purpose of an Information or an Indictment is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the same act. *Commonwealth v. Ohle*, 503 Pa. 566, 588, 470 A.2d 61, 73 (1983); *Commonwealth v. Diaz*, 477 Pa. 122, 383 A.2d 852 (1978);

*Commonwealth v. Rolinski*, 267 Pa.Super. 199, 406 A.2d 763 (1979). An Indictment or an Information is sufficient if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events. *Commonwealth v. Bell*, 512 Pa. 334, 343, 516 A.2d 1172, 1177 (1986); *Commonwealth v. Ohle*, 503 Pa. 566, 588, 470 A.2d 61, 73 (1983); *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); See Pa.R.Crim.P. 225(b). This may be accomplished through use of the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), quoting, *United States v. Carll*, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882 [1881]).

*Commonwealth v. Alston*, 539 Pa. 202, 651 A.2d 1092, 1095–1096 (1994).

¶ 10 An information which alleges that the accused "unlawfully, intentionally, knowingly, recklessly or negligently" caused another's death, and which also charged robbery, is adequate notification that he is charged with second degree murder. *Commonwealth v. McMullen*, 420 Pa.Super. 130, 616 A.2d 14 (1992), *affirmed in part, reversed in part on other grounds*, 545 Pa. 361, 681 A.2d 717 (1996). An information need not specify a degree of murder or the degrees of manslaughter in order to sustain the verdict of second degree murder. *Id.*[1]

---

1. We observe that the district attorney could have avoided the issue presented on appeal by filing a more specific charging document against appellant alleging violation of 18 Pa.

C.S.A. § 2502(a), (b), (c) (regarding first, second, and third degree murder), § 2503 (vol-

¶ 11 Appellant argues that the U.S. Supreme Court's holdings in *Jones v. U.S.,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), require a conclusion that the information filed against him was defective. He maintains that the information was required to allege that the killing was committed with malice. We have previously described the holding of *Apprendi* as follows:

> In support of his argument on this and other points, Appellant relies on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the United States Supreme Court was called upon to determine whether a jury finding was required before a penalty could be imposed under a New Jersey statute that provided for an extended sentence of ten to twenty years in addition to the sentence for the underlying offense if the crime was deemed to have been a hate crime. *Id.* at 469, 120 S.Ct. 2348. The Court held that any fact, other than a prior conviction, that enhances the penalty for a crime beyond the statutory maximum must be submitted to a jury. *Id.* at 490, 120 S.Ct. 2348. As the present case concerns the propriety of the grading of the offense which thereby establishes the maximum penalty, and not an enhancement to the sentence beyond the statutory maximum penalty for the theft offenses, we conclude that *Apprendi* does not apply.

*Commonwealth v. Shamberger,* 788 A.2d 408, 418, n. 11 (Pa.Super.2001) (*en banc*), *appeal denied,* 569 Pa. 681, 800 A.2d 932 (2002).

¶ 12 Similarly here, *Jones* and *Apprendi* are of no applicability. These cases dealt with sentence enhancement based upon facts which had not been determined by the jury in the course of rendering a verdict. Since the jury in the instant case was properly charged with the task of delivering a verdict as to whether appellant was guilty of second degree murder and all evidence had been submitted to it relative to the charge, the due process violation found to exist in *Jones* and *Apprendi* did not occur.

¶ 13 On direct appeal, we previously addressed the issue of whether the Commonwealth had presented sufficient evidence to sustain the robbery and conspiracy convictions.

> In reviewing the evidence presented at trial in light of the applicable standard, the Commonwealth established that appellant, along with Farmer and Moore, went to the residence at 281 South Washington Street with the purpose of robbing the victim. Once there, appellant jumped on the bed where the victim was lying and fired a bullet into the back of the victim's head, causing his death. Additionally, prior to the shooting, there was a bag containing four to six ounces of marijuana in the bedroom. This bag was discovered missing a few minutes after the shooting. Appellant was the last to leave the room. The reasonable inference is that appellant took the marijuana. Therefore, all elements of robbery and conspiracy have been proved beyond a reasonable doubt and we dismiss appellant's sufficiency claim.

*Commonwealth v. Chambers,* No. 553 HBG 1998, slip op. at 15, 1999 WL 887039 (Pa.Super.5/20/99) (unpublished memorandum opinion).

¶ 14 Since the Commonwealth proved the commission of the offense of robbery, the killing of the victim may have been

untary manslaughter), and § 2504 (involun-    tary manslaughter).

properly found by the jury to have constituted second degree murder.

¶ 15 We conclude that the lower court did not err in denying relief and dismissing the PCRA petition. Appellant did not demonstrate that there existed a constitutional violation that so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

¶ 16 Order affirmed.