J. S69022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
                                :
          v.                    :
                                :
MAURICE CHAMBERS,               :
                                :
          APPELLANT             :    No. 259 MDA 2016

Appeal from the PCRA Order January 13, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000910-1997

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 04, 2017**

Maurice Chambers ("Appellant") appeals *pro se* from the Order denying his fifth Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. He claims that, pursuant to **Johnson v. United States**, 135 S.Ct. 2551 (U.S. 2015), he is entitled to a new trial. We affirm the PCRA court's denial of relief.

On October 27, 1997, a jury found Appellant guilty of Second-Degree Murder, Robbery, and two counts of Criminal Conspiracy in connection with his shooting Paul Rubin Garman, Jr., in the back of his head during a drug transaction in Wilkes-Barre. The court sentenced Appellant on December 5, 1997, to, *inter alia*, life imprisonment. This Court affirmed the Judgment of

---

[*] Retired Senior Judge Assigned to the Superior Court.

Sentence, and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal. *Commonwealth v. Chambers*, 742 A.2d 201 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 749 A.2d 466 (Pa. 2000). The United States Supreme Court denied his Petition for Certiorari on October 2, 2000. *Chambers v. Pennsylvania*, 531 U.S. 853 (2000). His Judgment of Sentence, thus, became final on October 2, 2000. *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Appellant filed his first *pro se* PCRA Petition timely, which the PCRA court denied on June 12, 2003, and this Court affirmed. *Commonwealth v. Chambers*, 852 A.2d 1197 (Pa. Super. 2004), *affirmed*, 871 A.2d 188 (Pa. 2005). Appellant thereafter filed three additional PCRA Petitions, each of which the PCRA court dismissed.

Appellant filed the instant *pro se* PCRA Petition, his fifth, on September 1, 2015. The court provided Pa.R.Crim.P. 907 notice, to which Appellant objected. The PCRA court dismissed the Petition without a hearing on January 13, 2016. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In his appellate brief, Appellant raises the following question for our review:

> Whether failure to acknowledge intentionally, knowingly, recklessly or negligently as an element of the crime which conduct of punishment needed to be determined by a jury and not the State violated his right to jury trial under the Fifth and Fourteenth Amendment to the U.S. Constitution and Art. 1, secs. 9 & 10 of the Pennsylvania Constitution pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Appellant's Brief at 3 (verbatim).[1]

After a meandering essay on penal law and vagueness, with citation to *Johnson*, *supra*, Appellant avers that "if the state defines a criminal offense, the due process clause requires it to prove any component of the prohibited transaction that gives rise to both a stigma and a punishment beyond a reasonable doubt." *Id*. He concludes that "his conviction has been prejudice [*sic*] by trial court decision to not leave it to the jury to find him guilty of the element of conduct which [*sic*] he was charged." Appellant's Brief at 10. "As such the PCRA Court's is in error [*sic*], thus requiring vacation of his conviction and remand for imposition of new trial[.]" *Id*. at 10-11.

Our standard of review is well-settled: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v.*

---

[1] In his "Petition for 1925(b) Statement" filed simultaneously with his Notice of Appeal, Appellant asserted (1) that his PCRA petition "met the retroactive exception to the time limitation;" and (2) "Where the vague element of conduct of the criminal rules of procedure § 2501(a) doctrine, which the law does not permit the adjudication of a jury to be decided, as in this case met the procedural rule retroactive application?" Petition for 1925(b) Statement, dated 2/8/16.

*Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (quotation marks and citation omitted), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014). "The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature." *Id*. (citation omitted).

Thus, before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). Pennsylvania courts may only consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three narrow exceptions set forth in 42 Pa.C.S. § 9545(b)(1). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (applying sixty-day timeframe after reviewing specific facts that demonstrated the claim was timely raised).

Here, Chambers' Judgment of Sentence became final on October 2, 2000, when the United States Supreme Court denied his petition for *certiorari*. Therefore, Chambers had until October 2, 2001 to file a timely

Petition. The instant Petition, filed nearly 14 years later years, is facially untimely.[2]

In his PCRA Petition, Appellant asserted that his Petition falls within the statutory exception to the PCRA's one year time-bar for petitions asserting a constitutional right newly recognized by Supreme Court of the United States. *See* 42 Pa.C.S. § 9545(b)(1)(iii). He asserted that in *Johnson*, *supra*, filed on June 25, 2015, the U.S. Supreme Court recognized a new constitutional right that has been held to apply retroactively.

The PCRA court thoroughly, cogently, and accurately addressed Appellant's issue, as follows:

> [E]ven though the Petition was filed within sixty days of the *Johnson* decision, *Johnson* does not articulate a new constitutional right. Rather, the *Johnson* Court applied the well-settled Fifth Amendment void for vagueness analysis to find part of the Armed Career Criminal Act unconstitutional. *Id*. at 2557-2560. The requirement that statutory language be clear enough to put individuals on notice of prohibited conduct has roots much deeper than *Johnson*, going all the way back to the decision of *Connally v. General Construction Co*., 269 U.S. 385, 391 (1926). Furthermore, even if a new constitutional right were established by *Johnson*, nothing in the *Johnson* [O]pinion suggests that the case applies retroactively.
>
> [Heading omitted]
>
> Assuming for argument's sake, that [Appellant's] PCRA Petition [were] filed timely, the second issue is whether Petitioner's

---

[2] In his "Statement of the Case," Appellant disingenuously states that the instant petition was timely filed. *See* Appellant's Brief at 5. He does not discuss any of the timeliness exceptions in his appellate brief.

[F]ifth [A]mendment rights were violated. The principal at issue is the void for vagueness doctrine, which provides that a criminal law violates due process if it is so "vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." ***Johnson***, at 2556, citing ***Kolender v. Lawson***, 103 S.Ct. 1855 (1984). The issue faced by the ***Johnson*** Court was whether the residual clause of the Armed Career Criminals Act, which in part defined a "violent felony[,]" was void for vagueness. The portion of the residual clause at issue reads, "involves conduct that presents a serious potential risk of physical injury to another[.]" ***Id***. at 2552. The ***Johnson*** Court's review of the residual clause led to the conclusion that the clause was too vague to withstand constitutional scrutiny. ***Id***. at 2563.

The situation at hand is quite distinguishable from that in ***Johnson***. In Pennsylvania, a person is guilty of criminal homicide if they "intentionally, knowingly, recklessly, or negligently cause[] the death of another." 18 Pa.C.S. § 2501(a). Criminal homicide can be classified as murder, voluntary manslaughter, or involuntary manslaughter. 18 Pa.C.S. § 2501(b). Furthermore, murder can be of the first, second, or third degree. 18 Pa.C.S. § 2502. Second[-]degree murder is defined in [Section 2502(b)]. Each of the statutes use well-defined terms to put individuals on notice of prohibited conduct. With regard to this case, this [c]ourt informed of [*sic*] the preceding information, and relevant definitions, during jury instructions. ***See*** [Trial Transcript, 10/24/97] (specifically, second[-]degree murder instructions were set out on page 1312).

Furthermore, ***Johnson*** is arguably limited to its facts, as much of the [O]pinion focuses on the specific language and interpretations of the residual clause of the Armed Career Criminals Act. [***Id.***] at 2557-2560. The ***Johnson*** Court does not discuss any other crimes that should be declared void for vagueness in light of its decisions, nor discuss how broadly its decision should reach. On the contrary, the ***Johnson*** Court discusses that other similarly worded Federal and State statutes are not unconstitutional in light of this decision. ***Id***. at 2561. Therefore, this [c]ourt finds that ***Johnson v. United States*** does not announce any new constitutional right, and is inapplicable to this case. [Appellant's] claim that his [F]ifth [A]mendment rights were violated has no merit.

PCRA Court Opinion, dated Jan. 13, 2016, at 3-5.

We agree with the PCRA Court's analysis. It is supported by the record and is free of legal error. Accordingly, we adopt the court's opinion as our own, and affirm the denial of PCRA relief.

We direct the parties to attached the January 13, 2016 PCRA court Opinion to all future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2017