J-S81007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CYPRIAN DIAZ | |
| Appellant | No. 1132 EDA 2016 |

Appeal from the PCRA Order March 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0704571-2003

BEFORE: BOWES AND MOULTON, JJ., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                          **FILED FEBRUARY 22, 2017**

Cyprian Diaz appeals from the March 11, 2016 order denying him PCRA relief in this 2003 case. The appeal concerns whether Appellant's request for relief was properly treated as a petition for relief under the PCRA. We affirm.

After a bench trial, Appellant was found guilty of first degree homicide and related offenses. The Commonwealth established that Appellant, while an adult, shot and killed his former wife and her husband. Appellant unsuccessfully pursued relief on direct appeal. *Commonwealth v. Diaz*, 927 A.2d 649 (Pa.Super. 2007) (unpublished memorandum). Appellant was granted leave to file a Petition for Allowance of Appeal *Nunc Pro Tunc*, which was ultimately denied by our Supreme Court on February 12, 2010.

* Former Justice specially assigned to the Superior Court.

*Commonwealth v. Diaz*, 989 A.2d 914 (Pa. 2010). Appellant also pursued

PCRA relief, which was denied by the PCRA court and affirmed on appeal by

this Court. *Commonwealth v. Diaz*, 96 A.3d 1079 (Pa.Super. 2014). He

filed for discretionary review with our Supreme Court, which was denied on

May 15, 2014. *Commonwealth v. Diaz*, 63 EAL 2014 (Pa. 2014)

(unpublished in Atlantic Reporter).

On December 11, 2015, Appellant filed the instant petition, styled as a

request for *habeas corpus* relief. On February 8, 2016, the trial court

determined that the petition must be treated as a request for relief under

the PCRA, and, since Appellant failed to plead and prove an exception to the

one-year time bar, issued a notice of intent to dismiss informing him of

those procedural defects. On February 26, 2016, Appellant replied to the

notice, again averring that his request for relief was not cognizable under

the PCRA. The court thereafter denied the petition on March 11, 2016. This

appeal followed. Appellant raises the following claims for our review:

> A. Whether the trial court abused its discretion in dismissing
> Appellant's petition for writ of *Habeas Corpus Ad Subjiciendum*
> where the verdict announced by the court of guilty on the first
> degree murder offense was in error in that the court did not
> have jurisdiction of the matter, where the criminal information
> filed in this action w[as] fatally defective since i[t] failed to recite
> all of the essential elements of the offense and failed to inform
> Appellant of the precise charge he was required to defend
> against at trial?
>
> B. Whether Appellant is illegally confined based on the verdict
> and sentence being vitiated and non-existent as a result of the
> fatally defective criminal information and eliminates all questions

of w[ai]ver, timeliness and due diligence as bars to the relief sought?

Appellant's brief at 3.

Our task is to determine if the court properly treated this petition as a request for relief under the PCRA. This Court's "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa.Super. 2015). Whether the present claim is cognizable under the PCRA is a matter of law subject to *de novo* review, not an abuse of discretion as maintained by Appellant. The following principles inform our determination of this legal question.

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

***Commonwealth v. Taylor***, 65 A.3d 462, 465–66 (Pa.Super. 2013) (citations and footnote omitted).

Herein, Appellant alleges that the claim raised is not cognizable under the PCRA because he is illegally confined. He reaches this conclusion by arguing that 18 Pa.C.S. § 1102, which provides the applicable sentences for homicide, violates due process and is void for vagueness because it does not

directly state that the punishment of life imprisonment is ineligible for parole. 18 Pa.C.S. § 1102(a)(1) ("[A] person who has been convicted of a murder of the first degree . . . shall be sentenced to death or to a term of life imprisonment"); 61 Pa.C.S. § 6137(a)(1) ("The board may . . . release on parole any inmate . . . except an inmate condemned to death or serving life imprisonment[.]"). Additionally, Appellant claims that the criminal information simply charged him with homicide generally, and did not clearly specify the various elements of first degree homicide. Appellant avers that these defects violated his due process right to fair notice and as a result divested the trial court of subject matter jurisdiction. Hence, his conviction was illegal, and, in turn, so is his confinement.

The court properly treated this request for relief as a PCRA petition. Issues that may be brought under the PCRA **must** be brought under the PCRA. The PCRA specifically states that a claim that "the conviction or sentence resulted from . . . [a] proceeding in a tribunal without jurisdiction" is cognizable. 42 Pa.C.S. § 9543(a)(2)(viii). Due process claims are similarly cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(i). Additionally, the salient facts necessary to forward that claim were clearly known during the time period in which he was permitted to seek PCRA relief. *See Commonwealth v. Dickerson*, 900 A.2d 407 (Pa.Super. 2006) (rejecting untimely PCRA claim that trial court lacked subject matter jurisdiction; the facts upon which the claim is predicated were known and

thus the claim was not subject to any exception). Hence, while Appellant has failed to plead and prove an exception to the time-bar, he could not have done so in any event.

Additionally, while the PCRA court properly concluded that it lacked jurisdiction to address the substance of his claim, we note that subject matter jurisdiction simply requires "that the court be competent to hear the case and that the defendant be provided with a 'formal and specific accusation of the crimes charged.'" **Commonwealth v. Hatchin**, 709 A.2d 405, 408 (Pa.Super. 1998) (quoting **Commonwealth v. Little**, 314 A.2d 270, 273 (Pa. 1974)). Both requirements were met. An information need not specify a particular degree of murder. **Commonwealth v. Chambers**, 852 A.2d 1197 (Pa.Super. 2004). Assuming *arguendo* that a citizen must be informed of parole eligibility as a matter of due process, the fact that parole eligibility is codified elsewhere constitutes adequate notice. **See Commonwealth v. Bell**, 645 A.2d 211 (Pa. 1994) (rejecting due process claim that mandatory minimum statute is unconstitutionally vague because it failed to expressly provide a maximum, as "one can be reasonably implied when . . . read together" with other pertinent statutes).

Accordingly, the PCRA court properly concluded that the instant petition is cognizable under the PCRA and that it lacked jurisdiction. Its decision is free of legal error and we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2017