J-S74034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY LEO LICIAGA | : | |
| | : | |
| Appellant | : | No. 1305 EDA 2018 |

Appeal from the PCRA Order Entered March 28, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003464-1989

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MARCH 05, 2019**

Appellant Harry Leo Liciaga appeals *pro se* from the order denying his fourth petition filed under the Post Conviction Relief Act ("PCRA").[1] The PCRA court dismissed his petition. We affirm on the basis that the petition was untimely.

A full recitation of the facts is not necessary for our disposition. In short, Liciaga was convicted of second-degree murder and related crimes[2] in 1990, and sentenced to imprisonment for life. Liciaga appealed, and we affirmed his

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] Liciaga was convicted following a jury trial of second degree murder, burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and criminal conspiracy. *See* 18 Pa.C.S.A. §§ 2502(b), 3502, 3503(a)(1)(ii), 3921(a), 3925(a), and 903(a), respectively.

judgment of sentence in 1996.[3] Liciaga thereafter filed multiple PCRA petitions and a petition for writ of *habeas corpus*, none of which resulted in relief.[4]

Liciaga filed the instant petition *pro se* on February 7, 2018, as a petition for *habeas corpus* relief. The court below treated the petition as a serial PCRA petition, and, after notifying Liciaga of its intent to do so, dismissed the petition.

Liciaga appealed, and presents the following issue:

> Whether the trial court abused its discretion in dismissing [Liciaga's] Petition for *Habeas Corpus* Relief since his confinement is based on a second[-]degree murder conviction without specific notice required by Statutory Provision that he was being charged pursuant to 18 Pa.C.S. § 2502(b) in violation of his right to due process[,] and the trial court had jurisdiction to decide the petition [as it] raises

---

[3] **See Commonwealth v. Liciaga**, No. 429 PHL 1995 (Pa.Super. 1996) (unpublished memorandum).

[4] Liciaga filed his first petition in 1997; it was denied, and we affirmed its denial in 1999. **See Commonwealth v. Liciaga**, 748 A.2d 1252 (Pa. Super. 1999) (unpublished memorandum). He filed a second petition in 2003, and a purported third petition in 2012. We quashed the appeal from the dismissal of his purported third petition in 2013, because he had filed that petition *pro se* while represented by counsel, and the petition was therefore a nullity. **See Commonwealth v. Liciaga**, 83 A.3d 1069 (Pa.Super. 2013) (unpublished memorandum). Liciaga filed a petition for writ of *habeas corpus* in 2015. We affirmed denial of relief on that petition in 2016. **See Commonwealth v. Liciaga**, 144 A.3d 216 (Pa.Super. 2016) (unpublished memorandum). Liciaga filed another petition for writ of *habeas corpus* in 2016, which the court correctly treated as his third PCRA petition. We affirmed the dismissal of that petition in 2017, and the Pennsylvania Supreme Court denied Liciaga's petition for allowance of appeal. **See Commonwealth v. Liciaga**, 168 A.3d 341 (Pa.Super. 2017) (unpublished memorandum), *appeal denied*, 178 A.3d 103 (Pa. 2018).

the claim of illegal confinement based on a trial and sentencing proceeding that violated due process?

Liciaga's Br. at 3 (italics added).

Liciaga argues that the Commonwealth failed to provide notice in the criminal information that it was charging him with second-degree murder under 18 Pa.C.S.A. § 2502(b), and that this absence of notice violated his right to due process, divested the trial court of subject matter jurisdiction, denied his right to a fair trial, and resulted in an unlawful sentence. Liciaga's Br. at 8-10, 12, 15-16. Liciaga further argues that his *habeas corpus* petition should not be treated as a PCRA petition, because "a denial of due process by proceedings that [did] not comport to statute was not [a claim] subsumed under the PCRA[.]" *Id.* at 13. And, he asserts, as his petition was not a PCRA petition, the PCRA's time limitations should not apply to bar review of the merits of his claim. *Id.* at 13, 15. Liciaga alternatively argues that the PCRA's time limitations should not apply to his case because his judgment of sentence was "a nullity, non-existent and *void ab initio* due to the aforementioned Due Process violation." *Id.* at 14 (italics added).

Upon a challenge to the denial of PCRA relief, we determine whether the PCRA court's conclusions are supported by the record evidence and free of legal error. *Commonwealth v. Burton*, 121 A.3d 1063, 1067 (Pa.Super. 2015). We review the legal determinations of a PCRA court under a *de novo* standard. *Id.*

The PCRA is intended to provide the "sole means of obtaining collateral relief, . . . encompass[ing] all other common law and statutory remedies" for collateral relief, including *habeas corpus*. 42 Pa.C.S.A. § 9542. Therefore, "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super. 2013) (citation omitted).

Liciaga claims that he lacked formal notice of the charges against him. Such a claim can be construed as a challenge to the trial court's jurisdiction. **See Commonwealth v. Serrano**, 61 A.3d 279, 287 (Pa. Super. 2013). The PCRA provides relief for this issue. **See** 42 Pa.C.S.A. § 9543(a)(2)(viii). In addition, Liciaga's claim that he lacked notice could be construed as a violation of the federal and state constitutions. **See Commonwealth v. Chambers**, 852 A.2d 1197, 1198 (Pa.Super. 2004). This issue is also cognizable under the PCRA. **See** 42 Pa.C.S.A § 9543(a)(2)(i). Insofar as his trial counsel failed to lodge a timely objection to the lack of notice at the time of trial, Liciaga's claim is additionally cognizable under the PCRA as claim of ineffective assistance of counsel. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii). Therefore, Liciaga's collateral attack on his sentence is cognizable under the PCRA, and we conclude that the trial court correctly construed Liciaga's petition for *habeas corpus* relief as a PCRA petition.

A PCRA petition must be filed within one year from the date the petitioner's judgment of sentence becomes final, unless an enumerated

exception to the time-bar applies. ***Id.*** at § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking review. ***Id.*** at § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither [an appellate court] nor the trial court has jurisdiction over the petition." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006), brackets ommitted); ***see also*** 42 Pa.C.S.A. § 9545(a).

Liciaga's judgment of sentence became final in 1996, after we affirmed his judgment of sentence on direct appeal, and the time period for seeking review of our disposition with the Supreme Court expired. Thus, his petition, filed in 2018, is facially untimely. Liciaga does not argue that any of the statutory exceptions to the time-bar apply. Therefore, the PCRA court lacked jurisdiction to entertain Liciaga's petition, and dismissal was proper.[5]

Although Liciaga argues that his sentence was void *ab initio*, the PCRA court did not have jurisdiction to examine the merits of an attack on his conviction unless Liciaga's petition was timely under the confines established by the PCRA. As explained above, the PCRA dictates that "**[f]or the purposes**

---

[5] While the PCRA court denied Liciaga's petition on the basis that he "failed to establish a prima facie showing" that he was eligible for relief, ***see*** Order, 3/6/18, at 2, we can affirm the court's order on alternative grounds. ***Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa.Super. 2010).

**of this subchapter**, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3) (emphasis added). As the time for seeking direct review had concluded, Liciaga's judgment of sentence was final for purposes of determining timeliness under the PCRA.

We observe that had the petition been timely, no relief would be due. Liciaga complains that the Commonwealth did not include the charge of second-degree murder, under 18 Pa.C.S.A. § 2502(b), on the charging document. A review of the certified record reveals that the Commonwealth charged Liciaga with criminal homicide under 18 Pa.C.S.A. § 2501. We have previously held that "[a]n information need not specify a degree of murder or the degrees of manslaughter in order to sustain the verdict of second degree murder." **Chambers**, 852 A.2d at 1199.

Regardless, we affirm the PCRA court's dismissal of Liciaga's petition on the basis that it was untimely according to the jurisdictional requirements of the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/19