J-S29031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK E. USANGA | : | |
| | : | |
| Appellant | : | No. 1946 EDA 2019 |

Appeal from the PCRA Order Entered June 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009710-2013

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED JULY 13, 2020**

Patrick E. Usanga (Usanga) appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Philadelphia County (PCRA court). After our careful review, we affirm.

**I.**

We take the following factual background and procedural history from our independent review of the record, this Court's August 16, 2017 opinion, and the PCRA court's December 16, 2019 opinion. A previous panel of this Court set forth the relevant factual background of this matter as follows:

> [Usanga], a Nigerian–born United States citizen[,] obtained a medical degree from the University of Guadalajara in Mexico in 1982. He took the board examination to be a licensed medical

---

[*] Retired Senior Judge assigned to the Superior Court.

doctor in Pennsylvania several times in the 1980s and [19]90s, but did not pass. On May 19, 2009, he filed the necessary paperwork to incorporate a health care facility, Northeast Behavioral Medicine, Inc., with himself as the sole officer of the corporation. . . . He applied for and received a license to operate a psychiatric clinic soon after incorporation. At all times during the period of time Northeast Behavioral Medicine was in business and seeing patients, [Usanga] was the only provider at the facility.

During that period, he saw patients for various mental health and substance abuse issues. Several of his former patients testified that he told them that he was either a psychologist or a psychiatrist. As a result of the services provided by the Appellant, he billed various insurance companies including Aetna and Blue Cross[,] for his services. . . . [Usanga] billed Aetna $24,950[.00] and received $5,036.38 as an out [-]of[-]network provider. Blue Cross paid a total of $15,763.84 to [him]. That money was deposited in a TD Bank account owned by [Usanga].

On November 29, 2011, the Pennsylvania Department of Public Welfare ("DPW") conducted an annual field investigation of Northeast Behavioral Medicine. . . . On March 13, 2012, a DPW employee made an unannounced field visit to [Usanga's] office where it was closed and the doors were locked. DPW then sent [him] a letter . . . stating that due to [his] failure to conform to the requirements listed, his license to operate a psychiatric clinic was revoked.

Concurrently to the period of time that [Usanga] was operating Northeast Behavioral Medicine, he was also collecting unemployment compensation and Social Security disability benefits. . . . [However, Usanga] was not entitled to unemployment benefits once he incorporated his business and became self-employed. The Pennsylvania Department of Labor determined that the Appellant was paid $52,000 [.00] in unemployment compensation that he was not entitled to receive.

Additionally, [Usanga] filed for disability benefits from the Social Security Administration in April 2012. [He] claimed he was disabled and unable to work from April 2011 through October 2012. He received 32 checks [totaling] $16,108[.00]. The Social Security Administration determined that he was not entitled to the full amount that was paid to him during that time because he was working during that period of time, he was not truthful on his

application regarding whether he was married, and he did not disclose that he was also receiving unemployment compensation during that period.

(*Commonwealth v. Usanga*, 2017 WL 3496558, unpublished memorandum, at **1-2 (Pa. Super. filed Aug. 16, 2017)) (record citation omitted).

On August 15, 2013, the Commonwealth charged Usanga with twenty-seven counts of Insurance Fraud, eleven counts of Tampering with Public Records, four counts of Theft by Deception, two counts of Attempted Theft, two counts of Harassment and one count of Making False Statements Regarding an Unemployment Compensation Claim.[1]  On March 16, 2015, Usanga appeared for a jury trial.  On the fifth day of trial, March 23, 2015, he failed to appear and trial continued without him.  On March 26, 2015, a jury convicted him of twenty-three counts of Insurance Fraud, four counts of Theft by Deception and eight counts of Tampering with Public Records.  The court convicted him of one count of Making False Statements Regarding an Unemployment Compensation Claim.  On May 20, 2015, the court sentenced him to an aggregate term of incarceration of not less than six nor more than twelve years, plus five years' reporting probation.  After his post-sentence motions were denied, Usanga appealed, and this Court affirmed his judgment

---

[1] 18 Pa.C.S. § 4117(a)(2) and (6), 18 Pa.C.S. § 4911(a)(1), 18 Pa.C.S. § 3922(a)(1), 18 Pa.C.S. §§ 901 and 3922, 18 Pa.C.S. § 2709(a)(2)-(3) and 43 P.S. § 871, respectively.

of sentence on August 16, 2017. He did not seek further review in the Pennsylvania Supreme Court.

On June 5, 2018, Usanga filed his first PCRA petition *pro se*. On July 31, 2018, the court held a **Grazier**[2] hearing as a result of which it permitted Usanga to proceed *pro se*. The Commonwealth filed a Motion to Dismiss the Petition on April 9, 2019. The PCRA court sent Usanga Notice of its Intent to Dismiss on May 9, 2019. **See** Pa.R.Crim.P. 907(1). After receiving Usanga's response to the notice, the court dismissed the petition for lack of merit on June 11, 2019. Usanga timely appealed.[3] The court did not order a statement of errors on appeal, but it filed an opinion on December 16, 2019. **See** Pa.R.A.P. 1925.

## II.

Usanga raises ten issues for our review, which include eight claims of trial court error, a claim of ineffective assistance of counsel, and a discretionary aspects of sentence challenge.[4] He maintains that the trial court

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] Our standard of review of the denial of a PCRA petition is whether the record supports the court's findings of fact and is free of legal error. **See Commonwealth v. Chambers**, 852 A.2d 1197, 1198 (Pa. Super. 2004), *appeal denied*, 871 A.2d 188 (Pa. 2005).

[4] He only raises three claims in his Statement of Questions Involved. (**See** Usanga's Brief, at 3). Generally, claims not raised in the Statement of Questions Involved or fairly suggested thereby are waived. **See** Pa.R.A.P.

erred in (1) denying his motion for time to find private counsel "instead of being forced to be represented by a court appointed attorney" he did not request; (2) "fast tracking the beginning of trial [by three days], unbeknownst to [him], again to make sure . . . [he] could not hire any attorney"; (3) denying [his] verbal motion to have three electronic devices that were confiscated by the Philadelphia County Healthcare Insurance Fraud Task Force returned to him as those devices held evidence that would have cleared him of filing fraudulent application[s] for Social Security Disability; (4) by allowing him to be tried for counseling without a license and practicing medicine without a license (Healthcare Facility Insurance Fraud); (5) by allowing him to be tried and convicted for Tampering with Public Record and false statement to obtain unemployment benefits; (6) by allowing him to be convicted of Healthcare Facility Insurance Fraud; (7) in holding a hearing in front of the jury regarding his emergency medical absence; and (8) in engaging in an *ex parte* meeting with a prosecution witness. (Usanga's Brief, at 3; 13-36). In his ninth issue, Usanga asserts that both trial and direct appeal counsel were ineffective on seven different bases, (*see id.* at 37-41), in addition to failing to challenge his conviction for Tampering with Public Records and False Statement to Obtain Unemployment Benefits. (*See id.* at 27). Finally, in his tenth issue,

---

2116(a). However, in the interest of judicial economy, we include all ten claims in our review.

he challenges his sentence based on the court's alleged failure to consider certain mitigating factors. (**See id.** at 41-43).

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that he has been convicted of a crime and that his conviction resulted from one or more of the enumerated circumstances identified in Section 9543 of the PCRA:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> (v) Deleted.
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
>
> (vii) The imposition of a sentence greater than the lawful maximum.
>
> (viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

- 6 -

**A.**

To be eligible for relief, a petitioner must also prove by a preponderance of the evidence that his claims have not been previously litigated or waived. *See* 42 Pa.C.S. § 9543(a)(3). Section 9544 of the PCRA provides, in pertinent part, that an issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[,] and it has been waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(a)(2), (b).

It is well-settled that allegations of trial court error are waived at the collateral review stage because they could have been raised on direct appeal. *See* 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(2), (b); **Commonwealth v. Rush**, 838 A.2d 651, 660 (Pa. 2003). Put another way, where a defendant could have raised claims of trial error in his direct appeal but failed to do so, they are waived for the purpose of PCRA review and can afford a defendant no basis for relief. **See Commonwealth v. Ford**, 809 A.2d 325, 329 (Pa. 2002), *cert. denied*, 540 U.S. 1150 (2004) (finding constitutional claims and allegations of trial court error waived where not raised on direct appeal).

In this case, Usanga could have raised his claims of trial court error and his challenge to the discretionary aspects of his sentence on direct review but

failed to do so.[5] Therefore, they are waived and cannot form the basis for PCRA relief.[6] *See* 42 Pa.C.S. § 9544(a)(2), (b); *Ford*, *supra* at 329; *Rush*, *supra* at 660.

## B.

In his eighth claim, Usanga challenges the assistance of both his trial and appellate counsel.

In considering an ineffective assistance of counsel claim, we observe first that counsel is presumed effective and that a petitioner bears the burden

_____

[5] On direct appeal, Usanga raised four issues of trial court error that we rejected based on their lack of merit. Namely, he challenged: (1) the trial court's denial of his motion to sever; (2) the trial court's denial of his motion for mistrial; (3) the trial court's admission of certain evidence; and (4) the discretionary aspects of his sentence premised on the trial court's failure to provide an explanation for sentencing him outside the guidelines. (*See Usanga*, *supra* at *3).

[6] We also note that even if Usanga were eligible for relief on his issues under the PCRA, they would be waived for his failure to properly develop them for our review. Instead, he recites the facts of what occurred at trial in the light most favorable to him without providing any references to the record or citations to pertinent authority and discussion thereof. *See* Pa.R.A.P. 2119(a)-(d); *Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018), *appeal denied*, 217 A.3d 180 (2019) ("We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived.") (citation omitted); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007), 940 A.2d 362 (Pa. 2008) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review."). Therefore, his claims of court error at trial and in sentencing are waived on this basis as well.

to prove otherwise. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. Super. 2014). To establish an ineffectiveness claim, a defendant must prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* (citation omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim. When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Id.* (citations and internal quotation marks). Finally, counsel will not be found ineffective for failing to raise a meritless claim. *See id.*

In Usanga's brief, he baldly claims trial counsel was ineffective on the bases of: (1) his failure to raise several objections, (2) his failure to present certain evidence and witnesses, (3) his responding to Usanga's request by stating that he is "a nigga who won't listen;" (4) his failure to properly cross-examine Commonwealth witnesses; and (5) his failure to properly instruct the jury. (*See* Usanga's Brief, at 37-41). He also claims that appellate counsel was ineffective for failing to challenge his conviction for Tampering with Public Record and False Statement to Obtain Unemployment Benefit and for filing "a direct appeal brief that was full of frivolous and malicious lies." (*Id.* at 39; *see id.* at 27).

- 9 -

However, other than alluding to the ineffectiveness prongs in his heading for this issue and to the prejudice prong in his claim about trial counsel's cross-examination of a witness, (*see* Usanga's Brief, at 37, 40), he utterly fails to plead any of the ineffective assistance of counsel prongs. (*See id.* at 37-41). Instead, he merely lists each allegation of error without framing them as ineffective assistance of counsel claims.[7] Hence, Usanga has failed to meet his burden to plead and prove any of the three ineffectiveness prongs and he is due no relief.[8] *See Fears*, *supra* at 804.

For all of these reasons, we affirm the PCRA court's order dismissing Usanga's PCRA petition.

Order affirmed.

Judge Nichols did not participate in the consideration or decision of this case.

_____

[7] Moreover, we observe that Usanga does not provide any references to the record or pertinent citations to authority or discussion thereof to enable our review. *See* Pa.R.A.P. 2119(a)-(d); *Cannavo*, *supra* at 1289; *Hardy*, *supra* at 771.

[8] We observe that Usanga is proceeding *pro se*. However, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon [him]. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018), *appeal denied*, 217 A.3d 793 (Pa. 2019), *cert. denied*, 140 S. Ct. 1147 (2020) (citation omitted).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/20