J-A02042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
GEORGE M. DURHAM　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　:　　No. 795 WDA 2021

Appeal from the PCRA Order Entered June 23, 2021
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001860-2007

BEFORE:  OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:　　　　　**FILED:  January 28, 2022**

George M. Durham (Durham) appeals *pro se* from the order of the Court of Common Pleas of Beaver County (PCRA Court) denying his fifth petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

We take the following pertinent factual background and procedural history from the PCRA court's May 20, 2021 opinion and our independent review of the record.

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

On August 18, 2007, Durham was charged with criminal homicide, 18 Pa.C.S. § 2501(a), for the murder of his then-girlfriend.[1]  On March 14, 2008, a jury convicted Durham of first-degree murder, and the court sentenced him to life imprisonment on April 23, 2008.  The Superior Court affirmed the judgment of sentence on April 21, 2010, and granted appointed counsel leave to withdraw.  (**See Commonwealth v. Durham**, 998 A.2d 1019 (Pa. Super. filed Apr. 21, 2010) (unpublished memorandum)).  Durham did not seek review in the Pennsylvania Supreme Court.

Between September 2009 and August 2017, Durham filed four *pro se* PCRA petitions that the PCRA court denied.  Durham appealed three[2] of the denials to this Court, and we affirmed.  (**See Commonwealth v. Durham**, 104 A.3d 43 (Pa. Super. filed May 9, 2014) (unpublished memorandum), *appeal denied*, 108 A.3d 34 (Pa. 2015); **Commonwealth v. Durham**, 175 A.3d 1048 (Pa. Super. filed Aug. 3, 2017) (unpublished memorandum); **Commonwealth v. Durham**, 192 A.3d 267 (Pa. Super. filed May 21, 2018)).

_____

[1] Section 2501(a) states:  "A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being."  18 Pa.C.S. § 2501(a).  Section 2502(a) defines degrees of murder and identifies murder of the first-degree as a criminal homicide "committed by an intentional killing."  18 Pa.C.S. § 2502(a).

[2] On August 25, 2016, Durham filed a petition for writ of *habeas corpus* that the court treated as a PCRA petition and denied on September 22, 2016, which he did not appeal.

On May 6, 2021, Durham filed the instant PCRA petition, his fifth, and a request for appointment of counsel. In the petition, he alleged that on April 1, 2021, he became aware that the Commonwealth had not provided notice in the charging documents that he was charged with first-degree murder because the criminal complaint listed Section 2501(a) of the Crimes Code instead of Section 2502(a). He pleaded that this is a newly-discovered fact that he learned from an inmate on or about April 1, 2021, and that his failure to bring the claim previously was due to governmental interference; specifically, the Commonwealth and trial court's commission of fraud by including the Criminal Homicide section of the Crimes Code in the charging documents but proceeding under a First-Degree charge. (**See** *Pro Se* PCRA Petition, 5/06/21, at 4, 4(a), 4(b)); 42 Pa.C.S. §§ 9545(b)(1)(i), (ii).

On May 20, 2021, the court sent notice of its intent to deny the request for appointment of counsel and to dismiss this petition without a hearing. On June 23, 2021,[3] the court dismissed the petition and denied Durham's request for counsel. Durham timely appealed on July 7, 2021.[4] The court did not order him to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

---

[3] The court dismissed the petition on June 9, 2021, but copies of the order sent to Durham were returned, so it entered the order again on the 23rd.

[4] In reviewing the denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's factual determinations and whether its decision is free of legal error. **See Commonwealth v. Lopez**, *(Footnote Continued Next Page)*

## II.

Before considering the merits of Durham's PCRA petition, we must first determine whether the PCRA court properly found that it is untimely under the PCRA's jurisdictional time-bar. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021).

Durham's judgment of sentence became final on May 21, 2010, when his time to file a petition for review with the Pennsylvania Supreme Court expired. **See** 42 Pa.C.S. § 9543(b)(3). Because Durham did not file the instant PCRA petition until approximately ten years later, on May 6, 2021, it is facially untimely, and we lack jurisdiction to consider the appeal's merits unless he pleads and proves one of the three limited exceptions to the time-bar:

---

249 A.3d 993, 998 (Pa. 2021). We apply a *de novo* standard of review to the PCRA court's legal conclusions. **See id.**

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Durham invokes the newly-discovered facts and governmental interference exceptions. To establish governmental interference, the petitioner must "plead[] and prov[e] the failure to previously raise the claim was the result of interference by government officials, and the information could not have been discovered earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008). A petitioner satisfies the newly-discovered fact exception through pleading and proving that there were facts that were unknown to him and that he exercised due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence." *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019) (citation omitted).

In finding that it lacked jurisdiction to consider Durham's petition, the trial court found:

> It strains credulity to believe that [Durham] did not know until April of 2021 that he was charged with criminal homicide in 2007 and convicted of first-degree murder in 2008. In fact, [his] numerous *pro se* filings demonstrate that this was already known to him. *E.g.*, *Pro se* Motion for Return of Property, 6/17/2008, at 2 ["5. On August 18, 2007, Petitioner was charged with one count of Criminal Homicide …. [6. On March 14, 2008 Petitioner was found guilty of Murder in the First Degree.]"]; *Pro se* Motion for Return of Property, 6/23/2008, at 4; *Pro se* Motion for Return of Property, 9/26/2008, at 4; *Pro se* PCRA Petition, 9/15/2009, at 1 ("I was convicted of the following crimes: First Degree Murder."), 30 ("Petitioner was convicted of first degree murder."); *Pro se* Supplemental Argument and Notice to Call a Witness, 5/3/10, at 1 ("2. On August 18, 2007, Petitioner was charged with criminal Homicide."); *Pro se* PCRA Petition, 8/11/2017, at 14 ("Petitioner was held for a Criminal Homicide trial in which Petitioner was charged with the criminal offense of 18 Pa.C.S. § 2501. Criminal Homicide"). The remaining "facts" that [Durham] asserts he learned in April 2021 are not facts at all but instead are legal conclusions that stem from a selective reading of a 1991 Pennsylvania Supreme Court case. …
>
> [Durham] also asserts that he meets the governmental interference exception of [the PCRA]. However, he fails to state how any government officials interfered with the presentation of his claim. Instead, he bases his governmental interference argument on the underlying claim based on the charging documents without suggesting how alleged governmental interference in 2007 prevented him from presenting the claim until 2021.

(PCRA Court Opinion, 5/20/21, at 3-4) (citations omitted).

We agree with the PCRA court's analysis. The focus of the "newly-discovered fact" exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. Ct. 2015), *appeal*

*denied*, 125 A.3d 1197 (Pa. 2015) (citation omitted). Not only do the filings cited by the PCRA court reflect that Durham was aware in at least 2008 that he was charged with Criminal Homicide and convicted of First-Degree Murder, he states in his brief in this appeal that the first time he became aware of the degrees of murder for which he was being tried was during the jury charge at the conclusion of his trial on March 14, 2008. (*See* Durham's Brief, at 8, 12). Therefore, we agree with the PCRA court that any claim that he only became aware of these facts on April 21, 2021, is belied by the record. Durham has failed to establish that there were facts on which he bases his claim which were unknown to him to satisfy either the newly-discovered facts or governmental interference exception. *See* **Abu-Jamal**, *supra* at 1268 (Pa. 2008); **Bennett**, *supra* at 1274.

Moreover, his claim that because the information contained in the charging documents and the verdict were a matter of public record, he cannot be presumed to be aware of them, is nonsensical. (*See id.* at 12-13). It is well-settled that our Supreme Court has held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners." **Commonwealth v. Burton**, 158 A.3d 618, 638 (2017) (emphasis omitted). However, the public records presumption is wholly irrelevant here where Durham did not "discover" information about his case

by reviewing a public record but knew it in 2008 at the latest by attending his own trial.

Finally, to the extent that we can interpret his claim to be that he only discovered the legal import of a failure to put a defendant on notice of the charges against him in April 2021 would not merit relief. (**See** Durham's Brief, at 11). Not only is this legal theory not a newly-discovered **fact** entitling him to application of a PCRA timeliness exception, but even if it were, Durham fails to explain how, with the exercise of due diligence, he could not have discovered it since 2008, other than to posit that the court and Commonwealth misled him, thereby committing governmental interference.[5] (**See id.** at 11-12).

The PCRA court properly found that Durham has failed to plead and prove the applicability of any PCRA timeliness exception. We affirm the June 23, 2021 order denying his fifth PCRA petition as untimely.

Order affirmed.

---

[5] In fact, Durham was on notice that he was charged with Criminal Homicide, which was sufficient to put him on notice of the crime with which he was charged, and the information was not deficient for failing to specifically charge him with first-degree murder. **See Commonwealth v. Chambers**, 852 A.2d 1197, 1199 (Pa. Super. 2004), *appeal denied*, 871 A.2d 188 (Pa. 2005) (holding that information does not need to specify the degrees of murder to sustain a verdict of second-degree murder). Hence, even if he were able to plead and prove a timeliness exception to the PCRA, he would be due no relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2022