J-A27042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BIRDELL BROCKINGTON | : | |
| | : | |
| Appellant | : | No. 2007 EDA 2020 |

Appeal from the PCRA Order Entered September 14, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002736-1997

BEFORE: PANELLA, P.J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 14, 2022**

Appellant, Birdell Brockington, appeals *pro se* from the order dismissing his petition for collateral review cognizable under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1] Because Appellant's petition is

---

[1] While Appellant styles his petition as a "state *habeas corpus*" petition, it is well-settled that the PCRA provides the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]" 42 Pa.C.S. § 9542. **See also** 42 Pa.C.S. § 6503(b) ("Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law"); **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) ("the PCRA subsumes all forms of collateral relief" available under the PCRA). A challenge to a conviction based on alleged defects in the bill of information is cognizable under the PCRA. **See Commonwealth v. Chambers**, 852 A.2d 1197, 1198-99 (Pa. Super. 2004) (reviewing challenge to specificity underlying bill of information under the PCRA).

untimely, we are without jurisdiction to review the merits of his appeal. Accordingly, we affirm the order of dismissal.

A detailed recitation of the underlying procedural and factual history is unnecessary to our disposition. On May 22, 1998, Appellant was convicted of various offenses including First Degree Murder, and, on May 26, 1998, he was sentenced to life in prison. On July 31, 2000, this Court affirmed the judgment of sentence. *Commonwealth v. Brockington*, 764 A.2d 1119 (Pa. Super. 2000) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allocator on December 14, 2000. *Commonwealth v. Brockington*, 764 A.2d 1064 (Pa. 2000). Appellant did not seek review at the United States Supreme Court.

On December 14, 2001, Appellant timely filed his first PCRA petition, alleging ineffective assistance of trial counsel. The court appointed PCRA counsel, and, following a hearing, the PCRA court denied the petition on July 15, 2002. On May 20, 2003, this Court affirmed the PCRA court's denial. *Commonwealth v. Brockington*, 829 A.2d 353 (Pa. Super. 2003) (unpublished memorandum). On June 22, 2004, the Pennsylvania Supreme Court denied Appellee's petition for review. *Commonwealth v. Brockington*, 853 A.2d 359 (Pa. 2004). Appellee filed two additional PCRA petitions in 2015 and 2018, which were dismissed as untimely. *Commonwealth v. Brockington*, 159 A.3d 590 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 169 A.3d 568 (Pa. 2017);

***Commonwealth v. Brockington***, 219 A.3d 232 (Pa. Super. 2019) (unpublished memorandum).

On June 12, 2020, Appellant filed, *pro se*, a document entitled "'Defective Indictment', *i.e.*, 'Defective "Bill of Criminal Information Sheet"'" in the Court of Common Pleas of Lehigh County. In the filing, Appellant challenged his First-Degree Murder conviction by arguing that the underlying criminal information filed by the Commonwealth was defective because it did not describe the charges against him in sufficient detail.

The court construed the document as a PCRA petition, and, on July 27, 2020, filed a Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907. On August 11, 2020, Appellant filed a response. On September 14, 2020, the court dismissed the petition. This timely appeal followed.[2] On October 20, 2020, the PCRA court entered an order directing Appellant to file a Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925. Appellant served the court with a copy of his Rule 1925(b) Statement, but

---

[2] According to the PCRA court's docket, Appellant filed his notice of appeal on October 19, 2020, four days outside of the thirty-day deadline imposed by our Rules of Appellate Procedure. Pa.R.A.P. 903(a). Based on this seemingly untimely filing, this Court directed Appellant to show cause why the appeal should not be dismissed as untimely filed. Order, 12/01/2020 and 3/04/2021. Appellant filed his response, and this Court referred the issue to the panel. Order, 6/28/2021. Because Appellant is incarcerated, and the envelope containing his *pro se* notice of appeal is postmarked October 14, 2020, Appellant timely filed his notice of appeal. ***Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) ("Pursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing").

failed to file a copy of the statement on the docket. Nevertheless, the PCRA court filed its Rule 1925(a) Opinion on December 10, 2020.

Appellant seeks review of the following issue:

Whether the lower courts erred in denying Appellant's State Habeas Corpus [Petition], and not allowing an evidentiary hearing, as well as refusing to recognize it as a State Habeas Corpus [Petition] and calling it a PCRA [Petition], and untimely filed, as well as not meeting the thre[e] prongs of the PCRA.

Appellant's Br. at 6. (unnecessary capitalization and punctuation omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine we have jurisdiction to entertain the PCRA Petition. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016) (citation omitted). Therefore, if a petition is untimely, the PCRA court lacks jurisdiction to address the petitioner's issues on the merits, and this Court accordingly lacks jurisdiction to review them on appeal. **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005). A petitioner who seeks to bring claims that are cognizable under the PCRA "cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013).

A PCRA petitioner must file any petition, "including a second or subsequent petition," within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review or when the time for seeking direct review expires, which occurs 90 days after the Pennsylvania Supreme Court denies the appeal. *Id.* at § 9545(b)(3); *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013).

A petitioner who files a facially untimely petition may overcome the PCRA's timeliness requirements by explicitly pleading and proving that one of three statutory exceptions to the PCRA's timeliness requirements applies. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii); *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Those are, briefly, (1) that the delay was the result of unlawful or unconstitutional interference by government officials, (2) that the facts of the claim were previously unknown to the petitioner and could not have been ascertained though due diligence, and (3) that the claim is based in a newly recognized constitutional right that the Supreme Court of Pennsylvania or the United States has likewise recognized to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). If a PCRA petitioner fails to plead that any of these exceptions apply in a facially untimely petition, the PCRA court must dismiss the petition for want of jurisdiction. *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002)

In the instant case, the PCRA court dismissed Appellant's petition because Appellant's petition was facially untimely and Appellant failed to plead

- 5 -

any of the statutory exceptions to the PCRA's time bar apply. PCRA Ct. Op., 12/10/2020, at 5.

We reach the same conclusion. Appellant's judgment of sentence became final on March 14, 2001, 90 days after the Pennsylvania Supreme Court denied review. Thus, his deadline to raise any claim for collateral relief was one year later: March 14, 2002. He filed the instant petition on April 10, 2020, nearly twenty years after his conviction became final. Despite the facial untimeliness of his petition, Appellant did not plead that any of the PCRA's timeliness exceptions apply; rather, he attempted to evade the PCRA's timeliness requirements by styling his petition as a "state *habeas corpus*" petition. Thus, he cannot overcome the timeliness requirements of the PCRA.

Because Appellant's petition was facially untimely, and he failed to plead that any of the statutory exceptions to the PCRA's timeliness requirements apply, the PCRA court lacked jurisdiction to review Appellant's claim and properly dismissed the petition. Because this Court is likewise without jurisdiction, we affirm the order dismissing Appellant's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2022

- 6 -